The judge was of opinion that the act of Assembly mentioned in the case did not confer the power on the commissioners to lay the tax on the defendant for the nonpayment of which he was sued. Section 3 of the act empowers the commissioners of Asheville to lay a tax annually on the property and inhabitants of the said town, not exceeding 10 cents on each hundred dollars valuation (407) of real estate in the said town and 10 cents on every taxable poll, as they shall deem necessary for the repair of the streets and for the good of said corporation. It seems that the Legislature has expressly conferred on the commissioners the power of taxing but two objects, to wit, the real estate and polls within the limits of the town. The Legislature, designating two objects of taxation, intended, as it seems to us, to exclude from the taxing power of the commissioners everything else. It would have been very imprudent legislation to have permitted the commissioners to tax any and every thing in the town they might think fit, and that, without limit in the amount of the tax. The powers conferred on them to pass by-laws for the good government of the town does not authorize them to make by-laws to lay taxes on any other things than those expressly named by the Legislature. We think that the judgment must be
PER CURIAM. Affirmed.
Cited: S. v. Bean, 91 N.C. 558, 560; Winston v. Taylor, 99 N.C. 213;S. v. Irvin, 126 N.C. 992; Charlotte v. Brown, 165 N.C. 437.
(408)