CITY OF WILMINGTON v. JACOB I. MACKS.

*Tax on Lawyers—Municipal Power.*

The city of Wilmington has the power to impose a tax upon the defendant, as a resident practicing attorney at law.

(*Holland* v, *Isler*, 77 N. C., 1, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1881, of NEW HANOVER Superior Court, before *Shipp, J.*

This action was brought before a justice of the peace to recover the sum of twenty-five dollars, laid as a tax upon

the defendant, as a resident practicing attorney of the city of Wilmington.

The case was brought by appeal to the superior court, where, upon a case agreed judgment was rendered against the defendant, from which he appealed to this court.

It was agreed that the city of Wilmington is a municipal corporation duly chartered and organized under an act of the general assembly of the state of North Carolina. That by an act to incorporate the inhabitants of the town of Wilmington, ratified February 1st, 1866, by which said act, the town of Wilmington was created the "City of Wilmington," and the mayor and board of aldermen of the city of Wilmington were invested with all the powers, duties and privileges of the commissioners of the town of Wilmington. The mayor and board of aldermen of the city of Wilmington did on the — day of ———, 1880, levy a tax of twenty-five dollars upon the defendant, as a tax for being a resident practicing attorney at law of the city.

The defendant is a resident practicing attorney of said city, having obtained a license from the supreme court of the state in June, 1877, and was duly qualified as an attorney by taking the oaths of office prescribed by law in such cases provided, upon producing before the June term of the superior court for the county of New Hanover, the receipt of the clerk of the supreme court that he had paid his license tax.

It was further agreed that all resident lawyers are assessed and required to pay, as well as all other citizens of said city, the tax upon real and personal property, and upon the income from the practice of their profession.

Under an act entitled "an act concerning the town of Wilmington," ratified February 20, 1861, it was provided by section 2 thereof, "that the commissioners of the town of Wilmington may, from year to year, fix the sums and rates of taxes on the several professions, callings, trades, occupa-

tions, and other subjects of taxation embraced in this act, and the sums and rates so fixed during any year may continue from year to year, unless altered, and the commissioners shall have power to make all such ordinances which to them may seem expedient, in reference to the payment of such taxes, the issuing of license to the persons liable for the payment of the same, the terms of such license and the penalties for breach of same, and the penalties for nonpayment of such taxes."

This power of taxing professions was one of the powers belonging to the commissioners of the town of Wilmington, which was vested in the mayor and aldermen of the city of Wilmington by its charter.

*Messrs. Stedman & Latimer*, for plaintiff.
*Mr. E. S. Martin*, for defendant.

ASHE, J., after stating the case. I was not on the bench when this case was argued in behalf of the defendant, but the case having been duly considered in conference, the court is of the opinion it is not now an open question, the principle involved having been decided in the case of *Holland* v. *Isler*, 77 N. C., 1.

The plaintiffs in that case were the commissioners of the town of Goldsboro, and the defendants were lawyers and physicians residing in said town. The charter of said corporation empowered the commissioners to tax lawyers, physicians, &c. The plaintiffs under that power given in their charter had assessed a monthly tax upon the defendants, which they resisted.

The court below held that the plaintiffs had the right to impose and collect said tax, and from the judgment rendered the defendants appealed to this court, where the judgment of the superior court was affirmed, and READE, J. speaking for the court, said: "The constitution provides

that the general assembly may tax trades, professions, &c. Art. V., § 3. The general assembly has authorized the town of Goldsboro to lay and collect a monthly tax on lawyers and physicians, &c. Private Laws 1866. The defendants are lawyers and physicians in the town of Goldsboro, and the town has laid a tax upon them which they refuse to pay. This would seem to make a clear case against them."

We think this case is decisive of that before us.

There is no error. The judgment is affirmed.

No error.                                                    Affirmed.

---

NOTE.—The decision in *Wilmington* v. *McRae*, at this term, is the same as in the above case.