STATE v. JOHN CAINAN.

*Town Ordinances.*

1. Where a town ordinance provided that for certain disorderly conduct, the offender might be fined by the mayor not more than five dollars: *It was held,* that the ordiance was void, because the amount of the fine was not fixed and definite.

2. In such case, if the ordinance had imposed a fine of a certain amount, with power in the mayor or other police justice, to remit a portion thereof in his discretion, it would have been valid.

(*Commissioners* v. *Harris,* 7 Jones, 281; *State* v. *Crenshaw,* at this term, cited and approved).

INDICTMENT, tried before *Clark, Judge,* and a jury, at the January Criminal Term, 1885, of the Superior Court of WAKE county.

The defendant was convicted and appealed.

The facts appear in the opinion.

*Attorney General,* for the State,
*Mr. J. C. L. Harris,* for the defendant.

MERRIMON, J. The defendant is charged with a violation of an *Ordinance* of the City of Raleigh, whereof the following is a

copy: "Any person attending the market intoxicated, or who shall behave in a rude and improper manner, or use profane, indecent, or boisterous language, shall be subject to arrest, and to a fine *not exceeding five dollars.*"

It will be observed, that the fine to be imposed, may be any sum *less* than five dollars. It is thus uncertain, and renders the ordinance void. In this respect, it is substantially like those held to be void in *Commissioners* v. *Harris*, 7 Jones, 281, and *State* v. *Crenshaw*, decided at this Term.

On the argument, the Attorney General directed our attention to several authorities from other States, upholding such ordinances as valid, and commended to us the force of the reasoning upon which they rest. It must be conceded that there is a diversity of decisions on this subject, but we are unable to conceive of any reason sufficiently urgent to warrant us in overruling our own decisions. That first cited was made by a very able court, and has stood unchallenged in any respect, for more than a quarter of a century. The reasoning in *Commissioners* v. *Harris, supra,* if not conclusive, has great force, and harmonizes with the methods of enforcing town ordinances in this State by civil action. Besides, there are high authorities both in England and America, in exact harmony with our view. *State* v. *Zeigler,* 3 Vroom (32 N. J. L.), 262; 1 Dill. Mun. Corp., §§337, 341, 410, and notes.

It was insisted on the argument, that if the penalty were omitted—treated as void—this did not render the whole ordinance void—it simply left it without a penalty, and therefore to violate it, would be indictable under the statute. We cannot accept this view. It contravenes what we have decided. And besides, the ordinance would be meaningless, without supplying material words, which we certainly have no authority to add. Moreover, without the penalty, it is not what its authors intended it should be. We cannot suppose or infer that they would have made it without the penalty.

It might be well, and sometimes better, in order to meet the ends of justice, to give the mayor or other chief executive officer of the town, discretion as to the measure of the penalty to be imposed for the violation of an ordinance. This may be easily done by making the penalty prescribed certain, and providing that the mayor, or other like officer, shall have power to remit such part of the judgment for the penalty incurred, as he may deem just.

There is error. The judgment must be reversed, and judgment entered that the defendant go without day. To that end, let this opinion be certified to the Superior Court. *It is so ordered.*

Error.                                                                 Reversed.