STATE v. L. W. RICE.

*Town   Ordinance.*

Where a town ordinance leaves the fine or penalty imposed by it uncertain as to the amount, it is void for uncertainty, and a warrant founded on it will be quashed.

(*State* v. *Crenshaw,* 94 N. C. 877; *State* v. *Cainan,* Ibid., 883; *Com'rs* v. *Harris,* 7 Jones, 281, cited and approved).

INDICTMENT, heard before *Gilmer, Judge,* at March Term, 1887, of DAVIDSON Superior Court.

The defendant was held under a warrant issued by the mayor of the town of Lexington, to answer criminally, and was convicted before him, for the alleged violation of a town ordinance, and the part thereof material to be set forth here provides, that " any person whose duty it shall be to make such alterations, and who shall refuse to do so, after due notice thereof, shall be find a sum *not exceeding* five dollars, and one dollar for each and every day he may neglect to make such repairs."

The defendant appealed to the Superior Court, and that Court held that the ordinance in question was void, quashed the warrant, and gave judgment for the defendant, from which the State appealed to this Court.

*The Attorney-General* and *Mr. M. H. Pinnix,* for the State. *Mr. F. C. Robbins,* for the defendant.

MERRIMON, J., (after stating the facts). We cannot distinguish this case from *State* v. *Crenshaw,* 94 N. C., 877, and *State* v. *Cainan,* Ibid., 883. In those cases, and that of *Commissioners* v. *Harris,* 7 Jones, 281, it was held that a town ordinance that left the fine or penalty to be imposed uncertain as to the amount of the same, was void for uncertainty. Here the fine to be imposed might be five dollars or any less sum. It was therefore uncertain, and the ordinance void.

There is no error. Let this opinion be certified to the Superior Court according to law. It is so ordered.

No error.                                    Affirmed.