The complaint, after alleging plaintiff's residence and occupation as merchant in New Bern, engaged in buying and selling dry goods, notions, etc., furnishing goods and new clothing, and also secondhand clothing, sets forth further:
4. That the plaintiff has two stores or places of business in the said city — one on the east side of Middle Street, adjoining the furniture store conducted by W. P. Jones, and the other at (85) the northwestern intersection of Middle and South Front streets.
5. That the plaintiff buys and sells second-hand clothing only at the said store situated at the northwest corner of South Front and Middle streets, and the said second-hand clothing constitutes only about 10 or 15 per centum of her stock of goods, wares and merchandise in said store.
6. That the said city of New Bern has adopted an ordinance, as follows:
"3 April, 1894.
"CHAPTER 12.
"Sec. 7. — Be it ordained: (1st) That all second-hand clothes and bedclothing brought within the city of New Bern shall, before the same shall be offered for sale, be carried by the owners thereof to a receptacle in rear of the city hall to be disinfected by fumigation.
"2d It shall be the duty of the city marshal to have all such clothes and clothing disinfected, and he shall stencil or stamp each piece with the word "Fumigated," and charge for said disinfecting and marking as follows: All ladies' dresses, of whatever kind, 15 cents each; all coats and overwraps, large size, 15 cents each; all coats and cloaks, of whatever kind not otherwise mentioned, large shawls, blankets and quilts, 10 cents each; all round-abouts, jackets, overalls, pants, balmorals, 5 cents each; all undergarments not otherwise mentioned, all children's clothes and all other garments not otherwise mentioned, 3 cents each. *Page 54 
"3d It shall be the duty of the city marshal to keep an account of all clothes disinfected, and also of all fees collected therefor, 50 per cent of which he will retain for his expense, and convey the residue into the city treasury.
"(4th) Anyone selling or offering to sell second-hand (86) clothing and clothes without having the same disinfected and marked, as above set forth, shall be subject to a fine of $50 for each and every offense."
7. That, as plaintiff is informed and believes, the prices charged by said city and fixed by said ordinance for such disinfection and fumigation are greatly in excess of the cost thereof, unjust and burdensome; and, as she is informed and believes, that the part thereof allowed to the marshal by said ordinance, to-wit, one-half thereof, is illegal and in violation of the charter of the said city; and that she is informed and believes the cost and expenses of such disinfection and fumigation so required by said ordinance do not exceed more than about one cent for each garment.
8. That all of the second-hand clothing now in the said store of plaintiff has been disinfected and fumigated, as required by said ordinance.
9. That said city of New Bern will not allow plaintiff to bring into said city other second-hand clothing without compelling plaintiff to have same disinfected and fumigated, as required by said ordinance, and compelling her to pay for same, and for the purpose and as stated in said ordinance, the prices fixed therein.
10. That defendant claims that said city of New Bern, by its mayor and board of councilmen, on 4 June, 1895, passed another ordinance (a copy of which is hereto attached, marked "B," and made a part of this complaint) and threatened to enforce the same against this plaintiff; that by said ordinance all merchants whose annual receipts are from $1,000 to $5,000 are taxed $1 per month for said trade and calling, and license for selling "clothing, second-hand, in advance," is $4 per month, as she is informed and believes.
(87) 11. That plaintiff's receipts at each of said stores or places of business does not exceed $5,000 per annum.
12. That plaintiff has tendered to said H. J. Lovick, the tax collector of said city of New Bern, $1 for a license to carry on her business as a merchant, at said store or place of business at southwest corner of South Front and Middle streets, and also $1 for a license to carry on her said business at her store or place of business on the east side of said Middle Street for the month of June, 1895, as she is informed and believes, but the said tax collector, H. J. Lovick, has refused to accept the same and to grant said license, but demands that *Page 55 
the plaintiff pay to him $4 for license to carry on such business in each of said stores, or places of business for said month of June, 1895, and threatens to distrain a sufficiency of the goods and chattels of plaintiff to pay said tax so demanded by said tax collector, as plaintiff is informed and believes.
13. That the city of New Bern, by its mayor and board of councilmen, passed said ordinances, as plaintiff is informed and believes, without authority of law; that the same are not uniform, and that the object thereof is to break up plaintiff's business and to compel plaintiff to leave off dealing in second-hand clothes.
14. That by reason thereof plaintiff has been compelled to stop selling second-hand clothes entirely during said month.
15. Wherefore, plaintiff has been greatly damaged.
16. Plaintiff is advised and believes that said ordinance (marked "B") has never been legally adopted and made a lawful ordinance by said city.
Wherefore, plaintiff demands judgment —
1. For one thousand dollars' damages.
2. That the said H. J. Lovick, tax collector, upon payment to him by plaintiff of $1 for each of said stores or places (88) of business, be required to issue a license to plaintiff to carry on her said business at each of said stores or places of business.
3. That said tax collector be restrained from collecting from plaintiff any further or greater sum than $1 for a license to carry on such business at each of said stores or places of business.
4. That the defendant, the city of New Bern, its officers and agents be restrained and enjoined from collecting from plaintiff more than one cent for each article or garment disinfected or fumigated, by said ordinance, marked "A."
5. That said city of New Bern and said H. J. Lovick, tax collector, be restrained and enjoined from distraining any of plaintiff's property, goods and chattels for failure to pay license for carrying on said business for the month of June, 1895.
6. And for such other and further relief as plaintiff may be entitled, and for costs.
The defendant, answering the complaint, says:
1. That the defendant has no knowledge or information sufficient to form a belief as to the truth of the fifth article thereof, and therefore denies the same.
2. That the defendant is advised, informed and believes that the seventh article thereof is not true.
3. That the defendant is advised and believes that the ninth article thereof is not true. *Page 56 
4. That the defendant has no knowledge or information sufficient to form a belief as to the truth of the eleventh article thereof, and therefore denies the same.
5. That in answer to the twelfth article thereof the (89) defendant says that H. J. Lovick, the tax collector, has not demanded that the plaintiff pay to him $4 for a license to carry on such business in each of said stores or places of business for the said month of June, 1895, and alleges that the said H. J. Lovick demands from the plaintiff the sum of $4 for a license to carry on the business in both of said stores.
6. That the thirteenth article thereof is not true, as defendant is advised, informed and believes.
7. That defendant is informed, advised and believes that the fourteenth article thereof is not true.
8. That the defendant is advised, informed and believes that the fifteenth article thereof is not true.
9. That defendant is advised and believes that the sixteenth article thereof is not true.
And for a further defense to said action the defendant alleges:
1. That the charges made under the ordinance set out in the sixth article of the complaint are not more than sufficient to cover the expenses for the labor performed and the material used in fumigating the articles of clothing therein referred to; that while 50 per cent of the fee so charged is retained by the marshal, said sum is retained by the marshal for the purpose of compensating him for his individual labor in performing the duties required of him under said ordinance; that the balance of said charges, which are accounted for by the marshal to the city, are used by the city for the purpose of employing labor, to assist the marshal in the discharge of said duties and purchasing the material used for the purposes specified in said ordinance.
2. That section 18 of the charter of said defendant, the city of New Bern, confers upon the board of councilmen the following powers, to-wit: That the board of councilmen shall have the (90) power to make, and provide for the execution thereof, such ordinances for the government of the city as they may deem necessary, not inconsistent with the laws of the land, and they shall have power by all needful ordinances to secure order, health, quiet and safety within the same and for one mile beyond the city limit, and the powers and privileges of the mayor and justice of the peace to be exercised within the above limits.
3. That said ordinance in reference to the fumigation of secondhand clothing was passed by the board of councilmen of the *Page 57 
defendant, the city of New Bern, as defendant is informed, advised and believes, under the power conferred in said section of said charter, to secure the health and safety of the citizens in said city of New Bern.
4. That defendant is advised and believes that the allegations of said complaint, with reference to the charges for fumigation secondhand clothing, the ordinance in reference thereto, and the damage to the plaintiff by reason thereof, do not constitute a cause of action against the defendant, in that it appears from said ordinances that there is no prohibition against the bringing of second-hand clothes and bedclothes within the city of New Bern; and it appears from the allegations of the complaint that the plaintiff has no clothing or bedclothing subject to the provisions of said ordinance which have not been fumigated, and had none within the city limits at the time of the commencement of this action.
5. That under section 32 of the charter of the defendant, the city of New Bern, the said defendant has the power to levy and collect a license tax for the privilege of carrying on any trade, profession or business within the city limits, the amount of said tax to be fixed by the board of councilmen and not to exceed $50 a year.
6. That under the power and authority conferred in said provision of said defendant's charter the board of councilmen (91) has duly levied a license tax upon the plaintiff of $4 per month for carrying on business in the city of New Bern as a dealer in second-hand clothing, and an additional tax, as specified in the complaint, for carrying on the business of a general merchant, but that the defendant has not demanded that the plaintiff should pay more than $50 for transacting both of said businesses; that the tax of $4 per month is levied upon all dealers in second-hand clothing, the said dealers having been separately classified for the purposes of taxation by the board of city councilmen of the city of New Bern, under the power and authority conferred in said provision of its charter, and that said classification, as defendant is advised and believes, does not render the tax void for want of uniformity, nor illegal.
7. That defendant is advised and believes that the complaint does not state facts sufficient to constitute a cause of action against the defendant in its allegations with reference to the said license tax for carrying on said business, in that it appears from the allegations of said complaint and from the charter of the city of New Bern that said tax has not been levied for any illegal or unauthorized purpose, and is not illegal and is valid; and that the plaintiff has not paid to the tax collector of the city of New Bern, nor any person for it, the license tax levied by the defendant, as aforesaid, and has not at any time within thirty days after such payment demanded the same in writing *Page 58 
from the treasurer of the defendant, the city of New Bern; and in that it fails to allege that said tax has not, after such demand, hereinbefore referred to, been retained by the treasurer of said city, and said demand refused within thirty days after making such demand.
8. That the defendant is advised and believes, and so (92) alleges, that the defendant, the city of New Bern, being a municipal corporation, created under and by virtue of the laws and Constitution of the State of North Carolina, is not liable in damages to the plaintiff or any other person for any alleged injury which the plaintiff may have sustained by reason of the passage and enforcement of any ordinance enacted by said city.
Wherefore, the defendant demands judgment that they go without day, and for costs.
Where a municipality is clothed with the power to impose a tax upon persons engaged in mercantile business, the authority is subject to the fundamental restriction that it shall not be so exercised as to discriminate between persons of the same class. State R. R. tax cases,92 U.S. 575. "It is unquestionably, however, in the discretion of the taxing power to graduate the tax according to the extent of the business so taxed, or to impose a single tax upon the occupation, without regard to its extent." S. v. Powell, 100 N.C. 525.
But the law of uniformity does not prohibit the classification by the municipality of dealers in a particular kind of merchandise separately from those whose business it is to sell other articles falling within the same generic term. The term "merchant" embraces all who buy and sell any species of movable goods for gain or profit, but courts everywhere lend their sanction to legislative acts putting dealers in dry goods and dealers in spirituous liquors, drugs or fresh meats into different classes and imposing a license tax upon the one and a tax in proportion to capital employed or sales made on the others, or (93) a tax or license fee of the same kind, not differing in amount, upon each of the subclasses created. In S. v. Worth, 116 N.C. 1007, it was held that the business of manufacturing ice was comprehended under the general term "trade," and that, where a municipality was acting under the grant of authority to impose a privilege tax upon trades and professions, a "levy of $66 per annum for storage, manufacture or sale of ice at wholesale, with the privilege of retailing," was reasonable and constitutional, and provided for no *Page 59 
discrimination between persons engaged in storing, manufacturing or selling at wholesale or retail the particular kind of merchandise upon which the burden was imposed, but fixed the levy upon a class of traders distinctly defined in the ordinance. It was expressly held there that dealers in or manufacturers of different articles of merchandise might in the discretion of the municipal authorities be subjected, in separate classes, to license taxes varying in amount as to each of the classes. Of course, it follows that the overlooking of manufacturers of shoes would not render invalid a tax upon another company whose product was ice, tobacco or cotton goods. It is therefore settled that the only uniformity contemplated in the constitutional restriction (Constitution, Art. V. sec. 3) is that between those belonging to the same class (State R. R. tax cases, supra), and it would seem almost needless to cite authorities other than S. v. Worth,supra, in support of the proposition that the Legislature had the authority to delegate to the defendant the power to make such levies. Constitution, Art. VIII, sec. 4.
The levy complained of was not imposed upon property, but upon the business of selling second-hand clothing. Had the tax been imposed upon the clothing sold as a property tax, it must have been levied in conformity to the requirements of the Constitution, both as to uniformity and value. But it was within the sound (94) discretion of the municipal legislators, if they were empowered to tax the occupation or business at all, to determine what amount should be paid by every person belonging to a well-defined class pointed out in an ordinance. S. v. Powell, supra. It is clear that the city had authority to "levy and collect a license tax for the privilege of carrying on any trade, profession or business" within the limits of the city, not only under the charter, but under the general law. S. v.Worth, supra; The Code, sec. 3800. Whatever power the Legislature possesses under the Constitution has been delegated to the municipality, and the question for consideration here is, not whether the court, in the exercise of a sound discretion, will hold the ordinance to be just, reasonable or wise, but whether, resolving all doubts as to the exercise of legislative authority by its agent as would be done in favor of a statute enacted by the Legislature itself, it clearly appears that the ordinance is unconstitutional. The authority "to levy and collect a license tax for the privilege of carrying on any trade, profession or business," subject to a prescribed limit as to amount, necessarily carried with it by implication the power to classify the various kinds of business, just as the Legislature might have done. If, therefore, it be conceded that the court can revise the classification adopted by the city, when it does not appear upon its face that there was a purpose *Page 60 
to discriminate in restraint of trade, there is no reason why any one of the taxes imposed in Schedules B and C of chapter 116, Laws 1895, of the Revenue Act, should not be brought before the courts for review, on the ground that it is unreasonable to levy it on that particular class of subjects, though it be admitted that it sometimes constitutes a distinct kind of business because some dealer may have chosen to make his business more general in its character. In the absence of (95) any evidence of a purpose to break down the sale of this species of goods, courts are powerless. It is the peculiar province of the Legislature to reform the laws so as to make the benefits extend to and the burdens bear equally upon all classes of people.
The plaintiff complains that, in addition to the tax of $4 per month levied upon her as a dealer in second-hand clothing, she is liable under another ordinance to a license tax of $1 per month for the privilege of selling other general merchandise. If the city of Wilmington would have been authorized to levy the tax imposed in Worth's case upon a general merchant, notwithstanding the fact that he added to his general business that of wholesale dealer in ice, it is clear that the plaintiff could not evade a tax on one distinct business by combining with it another. Because clothing may be comprehended under general merchandise, the courts cannot question the honesty or the soundness of the discretion of the city authorities in subdividing a larger class of dealers into two or more, distinguished by the lines of goods sold by each. Indeed, it is the duty of the courts to impute to all who exercise legislative authority proper motives, and, as between two constructions of their legislation, to adopt, if possible, that which brings it within the purview of their powers. S. v. Moore, 104 N.C. 714. It does not seem to be contended that the municipality is attempting to exact from the plaintiff license taxes greater in the aggregate yearly amount than the limit fixed by the charter, though another ordinance provides that a tax of $1 per month shall be imposed on general merchants and $4 on any dealer whose business, in part or in whole, is selling secondhand clothing, since the limit applies only to the amount of (96) any single license tax, not to the aggregate amount of two, when they are lawfully imposed. The rule laid down in S. v.Powell precludes us from reviewing the exercise of the discretion in classifying those subjected to such burdens or in determining what amount shall be imposed upon each. But the Constitution of North Carolina authorizes the Legislature not only to impose a license tax upon the occupation of selling but a property tax upon the goods sold, provided the statute upon its face allows no discrimination, and, subject to the same restrictions, the Legislature may delegate this power to municipalities. S. v. Stevenson, 109 N.C. 730. *Page 61 
The plaintiff, by way of recital, sets forth that the defendant has passed and has already enforced another ordinance which imposes a fine of $50 for selling or offering for sale second-hand clothing without having it disinfected by fumigation, and by paying a price fixed according to the nature of the garment, as set forth in the ordinance. A part of the relief asked is not only that the city authorities be restrained from collecting more than $1 per month as a license tax, but that they be restrained from exacting in future fees so large as plaintiff has paid for disinfecting the clothing now on hand. This ordinance was passed clearly in the exercise of police power claimed to have been delegated by the State, and is an assumption of authority quite distinct from the power to levy license or taxes. Though relating to the same subject-matter, the validity of the two acts is in no way dependent upon the same grants of power (S. v. Stevenson,supra), and the passage of the one has no bearing upon the right to enact the other. The previous passing of the ordinance requiring disinfection does not tend to show that the ordinance, the enactment of which was declared in Powell's case to be an unreviewable exercise of sound discretion, was unauthorized. The license tax was lawfully imposed, if the municipality was clothed with the (97) power to classify and did not discriminate in the exercise of its delegated authority. The ordinance requiring disinfection was enacted ostensibly and, until direct and unquestionable proof to the contrary is offered, must be deemed in reality to have been passed for the protection of the public health. "The Legislature is empowered under the organic law, in the exercise of its police power, to restrict an individual by direct enactment in the assertion of such dominion or control over his own property or premises as may result in injury to others, provided the prohibitory or restraining statute does not upon its face discriminate in favor of one person or class of persons over another. And though the lawmaking power can create a municipal corporation and delegate legislative authority to it, it cannot clothe the creature with power to do what the Constitution prohibits the creator from doing." S. v. Tenant (28 Am. St., 716, and note),110 N.C. 609; S. v. Moore (17 Am. St., 696), 104 N.C. 714; Muglerv. Kansas, 123 U.S. 623. When the municipality, however, attempts to abuse a power, expressly and rightfully granted to it, by restricting the dominion of the owner over his property, not according to a rule general and uniform in its application to a class of persons or to a classification of property, the ordinance imposing such restraint is unconstitutional and void. S. v. Tenant, supra, and authorities there cited. But the charter (Private Laws 1879, ch. 42, sec. 18) empowers the municipal authorities, "by all needful ordinances, to secure order, *Page 62 
health, quiet and safety" within the limits of the city. It was not unreasonable to require one who was engaged in the sale of secondhand clothing to turn it over to the city authorities to be disinfected. It is a matter of universal knowledge that such clothing is (98) the means often of communicating contagious and dangerous diseases, and it was but a proper and lawful use of the authority to protect the health of the community under local government of the city to use the means adopted to prevent the introduction of disease. The right to sell or to buy such articles is not an absolute one, but may be subjected to such restriction by the lawmaking power entrusted with the authority as may be necessary to make its exercise consistent with the safety and security of others.
The general property tax, being imposed under a distinct grant of authority, must be considered separate and apart from the exercise of any other power, and, so considered, just such an ordinance as that under consideration has been declared to be in conformity with the constitutional requirements and consistent with the ad valorem levy on property. Gatlin v.Tarboro, 78 N.C. 119.
The plaintiff was not entitled to recover damages from the municipality for passing an ordinance in the exercise of its legislative authority as a branch of the government (Moffitt v. Asheville, 103 N.C. 237; 14 Am. St., 810, and note), and cannot maintain her status in court upon any such claim as a cause of action.
The only other remedy which the plaintiff demands, and upon which she bases her claim of right to maintain the action, is an injunction against the collection of the license tax of $4 per month and against collecting the amount now paid for disinfecting. Under the provision contained in section 76, chapter 119, Laws 1895, the injunction will not lie to restrain the municipality unless it appears that the levy or assessment was illegal. If, as has been shown, it was competent to classify dealers in second-hand clothing separately from vendors of other articles of general merchandise, it would follow that it was no more illegal for the city to exact $1 per month on (99) one class and $4 per month on another as license tax for distinct kinds of business than it would have been to exact $66 per annum and an additional merchant license fee of $1 per month in Worth's case, had the wholesale ice dealer's establishment constituted a part of a general merchant's store, or to levy in addition to a particular license tax a uniform ad valorem tax on property. S. v.Stevenson, 109 N.C. 730. The ordinance imposing a fine for failure to have the clothing disinfected and fixing the cost of fumigating was also within the purview of the powers of the city, and this Court has no authority to review the schedule of charges fixed by it. If the *Page 63 
municipality has abused the powers granted, it is a grievance for which complaint may be made to the Legislature, whose province it is to restrict or withdraw entirely its legislative authority. But it is obvious that the extraordinary power of the courts cannot be invoked to restrain the exercise of a discretionary legislative power, and it is as well settled that the action for damages at law for the alleged wrongful exercise of such powers will not lie. We think, therefore, that there is not in any aspect of the case a statement of a cause of action, since no amendment could be made which would establish an apparent right to either a restraining order now or a verdict for damages on the trial of the action. There was no error in dissolving the restraining order.
No Error.