. , STATE v. HOGE IRVIN.

(Decided March 20, 1900.)

*Town Charter of Kinston (Private Acts 1899, Chapter 180)*
    *—Power of Taxation—Subjects of Taxation—Valid*
    *and Invalid Ordinance—Misdemeanor—Code, Section*
    *3820—Town Records—Evidence.*

1. Section 62, of the charter of Kinston, which grants to the town
     power to levy and collect taxes on all persons and subjects
     of taxation which it is in the power of the General Assembly
     to tax for State and county purposes under the Constitution of
     the State—is a valid exercise of the legislative power, not
     repugnant to any constitutional provision, in accord with pre-
     vious legislation (The Code, sec. 3800), and sustained by judi-
     cial decisions. ·

2. An ordinance of the town, No. 11, sec. 3, passed September 11, 1899,
     in these words:    "Each tobacco buyer shall pay an annual tax
     of $10 in advance," is a valid ordinance.

3. An ordinance of the town, No. 12, adopted September 11, 1899, in
     these words: "That violation of any ordinance to which no
     specific fine or penalty is affixed is a misdemeanor, and shall
     subject the offender to a fine of not more than $50, or impris-
     onment for thirty days," is void, because of the uncertainty
     in the amount of the fine or penalty—nor does the charter
     authorize the Board to make the violation of an ordinance a
     misdemeanor; it does that itself in sec. 19, of the charter.

4. The violation of a valid town ordinance is a misdemeanor, under
     the general law.   Code, sec. 3820.

5. The records of the proceedings of the Board of Aldermen, kept
     by the town clerk is competent evidence of town ordinances.

    CRIMINAL ACTION for violating town ordinance of Kinston,
heard on appeal from the Mayor's Court, before *Bryan, J.,* at
November Term, 1899, of the Superior Court of LENOIR
County.

The defendant was charged with violating the town ordinance: "Each tobacco buyer shall pay an annual tax of $10 in advance."

His Honor held that the ordinance was valid, and its violation a misdemeanor under the statute, and the jury having found the defendant guilty, he was fined $1, and appealed.

*Mr. T. C. Wooten,* for appellant.

*Messrs. N. J. Rouse,* and *Shepherd & Shepherd,* with the *Attorney-General,* for the State.

MONTGOMERY, J. This was a criminal action, tried in the Superior Court of Lenoir County on appeal from judgment of Mayor's Court of the town of Kinston. The defendant was charged with the violation of an ordinance passed by the Board of Aldermen of Kinston, in which ordinance there was laid a privilege tax of $10 upon the defendant as a buyer of tobacco in the town. In the ordinance there was no specific fine or penalty imposed for its violation, but before the passage of the ordinance levying the tax another ordinance had been passed by the Board, which is in the following words: "That the violation of any ordinance to which no specific fine or penalty is fixed is a misdemeanor, and shall subject the offender to a fine of not more than $50, or imprisonment for thirty days." The defendant was convicted, and appealed to this Court.

The defendant insists that he ought not to have been convicted, and that the judgment should be reversed because, first, that it did not appear from the evidence that the ordinance was passed in the manner required by the charter of the town; second, that the town authorities did not have the power in law to pass an ordinance to place a fine or penalty upon a citizen for the failure to pay a tax or carry on a busi-

ness without paying the tax in advance; and third, that the Board of Aldermen did not have, through its charter, the authority to impose a tax upon any person for the privilege of carrying on a trade or business in the town.

Under the first contention of the defendant, he objected on the trial below to the record of the meeting of the Board of Aldermen which contained the two ordinances. N. B. Moore, the town clerk and treasurer, produced a book which he said was the record of those proceedings; that the entries were not transcribed from rough sheets upon the record at the very time of the passage of the ordinances, but were afterwards entered upon the true record by some one in his presence and under his direction; that the Mayor and all of the Aldermen were present at the meeting when the ordinances were adopted, though the record does not show who were present. The witness further said that it was not his custom to enter the names of the Aldermen at meetings of the Board when all were present, but only to enter the names of those present when any might be absent. His Honor received the evidence, and we think properly. If believed by the jury, it was a sufficient record in law to support the levy and collection of the taxes laid. Besides, they were printed and circulated in the town, and signed by the Mayor and the clerk.

The defendant's counsel in his brief does not refer to his second contention, and we suppose did not rely on it. Any way, we see no reason why the Board of Aldermen of towns and cities should not be allowed to collect these privilege taxes in advance. In fact it must be that in many instances if they were not paid in advance, the taxes would be lost.

Under the third contention the defendant's brief opens up a wide range of discussion. In the first place, it is argued that the ordinances were invalid because they are not expressly authorized by the charter, because an authority to tax can

not arise by implication, and that the charter enumerates the subjects of taxation, but in that enumeration there is no reference made to dealers in tobacco.    And in support of that position we are referred to the case of *Asheville v. Means,* 29 N. C., 406.    The authority fits the proposition advanced by the defendant's counsel, but it does not fit the facts in this case.    There, the General Assembly had confined the Commissioners to two subjects of taxation, real estate and the poll, but in the case before us, sec. 62, of the charter of Kinston, expressly confers on its Board of Aldermen "the power to levy and collect taxes on all persons and subjects of taxation, which it is in the power of the General Assembly to tax for State and county purposes, under the Constitution of the State."    And besides this, additional power is given to the Board under sec. 3800, of The Code.    In sec. 1, in the charter, it is declared that the general laws of the State, in relation to towns and cities, not inconsistent with the act incorporating the town of Kinston (Laws 1899, chap. 180), be applicable to the government of that town.

And we have held at this term, in *Guano Co. v. Tarboro,* that there is no inconsistency between the powers granted in sec. 3800, of The Code, and the specific powers of taxation named in the charter of any town or city.

But the defendant contends that sec. 62, of the charter, quoted above, is repugnant to that part of sec. 7, Art. VII, of the Constitution, which is in these words: "Nor shall any tax be levied or collected by any officer of the town except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."    The argument is that the ordinance passed, under the authority of sec. 62, of the charter, does not show for what purpose the tax on the defendant's business was levied, and that it was necessary for that purpose to have been set out in the ordinance, and that

it was for the necessary expenses of the town, before the defendant could be called upon to pay it. Such is not our view of the matter. The presumption must be that the Aldermen obeyed the law and the Constitution in the passage of the ordinance. If such be not the case, then the defendant must show that fact. But again, he argues that the tax imposed by the ordinance is contrary to sec. 9, of Art. VII, of the Constitution (the uniformity of taxation). This is the same question that was raised in *Rosenbaum v. New Bern,* 118 N. C., 83, and it was there decided against the plaintiff's contention. And then again, the defendant argues that sec. 62, of the charter, is repugnant to sec. 4, of Art. VIII, of the Constitution, because it does not restrict the limit of the privilege tax or assessment by the Board, and that the same is left to their discretion to decide how small or how onerous the tax may be. And it is insisted that if this Court should hold sec. 62, of the charter, to be constitutional, then there is nothing to prevent the governing authorities of towns and cities from practicing gross abuses in the assessment of taxes.

This question has been heard before in this Court. In *Asheville v. Means, supra,* the Court said: "It would have been very *imprudent legislation* to have permitted the Commissioners to tax any and everything in the town they might think fit, and that *without limitation* in the *amount* of the tax." But the Court did not go so far as to say that such legislation would have beeen unconstitutional. In *State v. Worth,* 116 N. C., 1007, the Court said, in speaking of the rule of uniformity of taxation : "When the power delegated to a city or town is abused in this respect, the Legislature may restrict their discretionary authority by fixing a maximum or minimum limit for the tax on any or all of the subjects specifically taxed. But they have not done so, and we

63——126

see no evidence of abuse of power, if we had authority to correct or remedy such a wrong."

It is required by sec. 4, of Art. VIII, of the Constitution, that the Legislature, in providing for the organization of towns and cities, shall restrict their power of taxation, assessment, etc. But the Legislature has not seen fit, or thought it necessary rather, to take such a course, and it is not for us to even intimate that they should do so, for the tax in this case is reasonable on its face, and there has been no abuse of power by the Board of Aldermen.

In the brief our attention is called to the case of *State v. Bean,* 91 N. C., 559, in which there is a discussion of the difference between the power to impose a fee for license under the police power to carry on a trade or employment, and a tax for revenue. The adjudication in that case was made that the license fee must be reasonable, and not for the purpose of raising revenue, and was founded on an Act of 1877, chap. 138, which had special reference to the town of Salisbury. Since the enactment of sec. 3800, of The Code, taxes laid upon trades and professions under the name of privilege taxes have been laid expressly for revenue, and such taxes are authorized by that section of The Code.

We have discussed at length the numerous questions raised in the defendant's brief in this case because of their great public importance, and with the hope that these questions, some of which have been heretofore passed upon by this Court, will be considered as settled.

We come now to discuss the indictment proper—the criminal phase of the case. If we were compelled to decide this part of the case on the validity of the ordinance which imposed upon the defendant a fine for the violation of the ordinance which assessed the tax, we should have to order a new trial. That ordinance is void in so far as the fine is con-

cerned, and that is the part of it vital to the discussion, because a fine was imposed by the Mayor, and also by his Honor below. The declarations in the ordinance that its violation should be a misdemeanor may be treated as surplusage, for the reason that the charter did not authorize the Board to make a violation of one of its ordinances a misdemeanor, and yet the ordinance, construed as a simple fine or penalty upon the defendant for a violation of the ordinance, is void because of the uncertainty in the amount of the fine or penalty. The language is as stated in the case on appeal "a fine of *not more* than fifty dollars." That was the exact language used in the ordinance of the town of Durham as appears in the case of *State v. Crenshaw,* 94 N. C., 877. To the same effect is the decision in *State v. Cainan,* 94 N. C., 883, and *State v. Rice,* 97 N. C., 421. In the *plaintiff's brief* the ordinance fixing the fine is quoted as follows: "The violation of any ordinance to which no specific fine or penalty is affixed shall subject the offender to a fine of fifty dollars or imprisonment for thirty days." In that quotation the fine appears to be fixed and certain, but it appears otherwise, as we have seen in the case on appeal, and of course we must follow the record.

But the warrant is for the misdemeanor created by sec. 19, of the charter, for a violation of the ordinance which imposed the tax, or it may have been for the same misdemeanor under sec. 3820, of The Code. The warrant is in these words: "To any constable or other lawful officer of the town of Kinston, greeting: I. B. Perry having made and subscribed before me the foregoing affidavit, you are hereby commanded forthwith to arrest the said Hoge Irvin, and safely him keep, so that you have him before me without delay at my office in Kinston, to answer the above charge, and be dealt with as the law directs. Given under my hand and seal this third

day of November, 1899.     Geo. B. Webb, (Seal), Mayor of
Kinston."

The affidavit referred to in the warrant and upon which
the warrant was issued is in the following words:   "State of
N. C., Lenoir County—Town of Kinston.   Before George B.
Webb, Mayor:

"State and town of Kinston against Hoge Irvin:   I. B.
Perry being duly sworn complains and says that at and in
said county, and in the town of Kinston, on or about the
third day of November, 1899, Hoge Irvin did unlawfully and
wilfully violate an ordinance of the town of Kinston, to-wit,
ordinance No. 11, by buying tobacco within the corporate
limits of the town of Kinston without paying tax, and was
on said day engaged in and pursuing the occupation of
tobacco buyer without paying the said tax, to-wit, ten dollars,
contrary to said ordinance, against the statute in such case
made and provided, and against the peace and dignity of the
said town and State."

The defendant requested the Court to instruct the jury
"that the tax levied is illegal, and that the town had no author-
ity to levy and assess the tax under the charter, and under
the evidence, that the warrant does not state a crime."   The
instructions were refused, and the jury instructed that if they
believed the evidence the defendant was guilty.   We see no
fault in the warrant, and we see no error in the instruction
of the Court.   The ordinance which the defendant violated
was a valid one.   The ordinance which imposed the fine was
invalid because it was not certain as to the amount of the
fine; but even in a case where there had been no fine imposed
for a violation of a valid town ordinance, the offender could
be convicted of a misdemeanor for a violation of such ordi-
nance under sec. 3820, of The Code.   *State v. Crenshaw,*

*supra.* Sec. 19, of the charter, also makes the violation of a valid ordinance indictable as a misdemeanor.

The ordinance imposing the fine being invalid for the reasons stated, the matter stands as if there had been no ordinance passed imposing a penalty.

No error.