### THE POCOMOKE GUANO COMPANY v. THE CITY OF NEW BERN.

(Filed 13 March, 1912.)

1. Taxation — Fertilizers — Inspection — Tonnage Tax — Cities and Towns—License Tax—Interpretation of Statutes.

 The tonnage tax for purposes of inspection levied by the State under our statute does not forbid· a county, city, or town from levying a license tax upon fertilizer stored therein for purposes of distribution by a manufacturer or dealer, the language of the statute forbidding "any other tax to be levied," etc., referring to any other tonnage tax.

2. Same—Ordinance.

 A city ordinance requiring the payment of a license tax from fertilizer agents or dealers, etc., carrying on their business within the city, is authorized by Revisal, sec. 2934.

3. Same—Storage for Distribution.

 A manufacturer of fertilizers maintaining its sales department in another State from which sales are exclusively made for fertilizer stored for distribution only, in a city in this State, is liable under an ordinance of the city levying a tax upon callings and professions, naming among others "fertilizer manufacturers' agents or dealers," the tax being for the protection afforded by the city in the exercise of such occupation, and the profits derived therefrom.

BROWN, J., dissenting; ALLEN, J., concurring in dissent.

APPEAL by plaintiff from *Carter, J.,* at October Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Moore & Dunn for plaintiff.*
*R. A. Nunn for defendant.*

GUANO CO. *v.* NEW BERN.

CLARK, C. J. This is an action submitted without controversy to determine whether the plaintiff guano company is liable for the license tax of $50 prescribed by the Board of Aldermen of the City of New Bern for carrying on business as fertilizer agents or dealers, for twelve months succeeding the date of the levy. Revisal, 2924, authorizes any municipal corporation to "annually lay a tax on all trades, professions, and franchises carried on or enjoyed within the city, unless otherwise provided by law."

Such license tax upon a trade or profession is not forbidden because a tonnage tax for purposes of inspection has been levied by the State under a statute which forbids "any other tax to be levied by county, city, or town." That provision simply forbids any other tonnage tax. It does not forbid an *ad valorem* tax upon the goods stored in town, nor a license tax upon the calling or occupation of manufacturing or dealing in fertilizers. *Guano Co. v. Tarboro,* 126 N. C., 68; *Guano Co. v. Biddle, ante,* 212.

The power of the Legislature to authorize the levy of license taxes upon trades, professions, and franchises has been discussed and sustained also in *Wilmington v. Macks,* 86 N. C., 88; *S. v. Worth,* 116 N. C., 1007; *S. v. Irvin,* 126 N. C., 989; *S. v. Hunt,* 129 N. C., 686. The only question that arises, therefore, is whether the occupation or calling exercised by the plaintiff comes within the terms of the ordinance which levies a tax of $50 upon callings and professions, naming among others "fertilizer manufacturers' agents or dealers."

The facts agreed on are that the plaintiff is a company engaged in manufacturing and selling fertilizer and fertilizer material, that it has no factory in New Bern, and that the orders for the goods are received solely at Norfolk, Va., and from thence are sent to its agents who maintain a warehouse in the city of New Bern, where its fertilizers and fertilizing material are stored, and thence are shipped out upon the orders thus sent to them from the general office in Norfolk, Va., no sales being made in New Bern.

Upon these facts, it is clear that the plaintiff is a manufacturing company maintaining an agency in the city of New

Bern, through which it deals in fertilizers and fertilizing material, storing the same and shipping out and distributing the fertilizers and fertilizing material upon receipt of orders which are taken and accepted at Norfolk, Va. It is not material that no fertilizers are manufactured in New Bern and that no sales are made there. The dealing consists in storing and keeping the goods on hand and shipping them out from time to time to the parties who have bought the same. The tax is upon the occupation or calling or business, whatever it may be termed, from which it is reaping a profit. Like other businesses, professions, and callings that are taxed because carried on there, this plaintiff being protected in the exercise of such occupation or calling by the city, is subject to this license tax as the pro rata which the city is authorized to levy upon it in return for such protection. *Holland v. Isler,* 77 N. C., 1.

We concur in the judgment below.

Affirmed.

Brown, J., dissenting: I am unable to agree with the conclusions of the Court that the tax levied by the city of New Bern upon the plaintiff is valid. The facts, as I gather them from the records, are that the plaintiff, a corporation doing business in the city of Norfolk, leases a warehouse in the city of New Bern for the storage of its own goods only, consisting of fertilizers and fertilizing material.

None of these goods are sold in the city of New Bern, but the sales offices of the plaintiff are outside of the State of North Carolina, at which offices it receives orders from the purchasers of fertilizer through traveling salesmen, and in some instances by mail.

The plaintiff is not engaged in the selling of fertilizer in New Bern, or in the business of a warehouseman. A warehouseman is one whose storage facilities are open to the public. Whereas, the warehouse of the plaintiff is used exclusively for the storage of its own property.

I do not gainsay the right of the General Assembly to tax trades, professions, and franchises; but according to the facts of this case, the plaintiff is not engaged in the exercise of either within the city of New Bern.

The case came before the Superior Court in the form of a controversy submitted without action, in which it appears affirmatively that the plaintiff is not engaged in the sale of fertilizer in North Carolina, but that the warehouse in question is used exclusively for the private storage of its own material, and that deliveries are made from that upon orders received from the company's offices in Norfolk.

We have at this term held that this company is liable for the *ad valorem* tax upon the value of its fertilizers stored in the city of New Bern, which tax the company will be compelled to pay; but upon the facts agreed, I find no warrant whatever to tax it either as trader or as warehouseman.

In addition to the heavy *ad valorem* tax adjudged against this plaintiff at this term, it is well to remember that it also pays a tonnage tax of 20 cents per ton upon this very fertilizer.

To permit the city to tax this plaintiff as dealer, or warehouseman, when in fact it is not engaged in either capacity in this State, is piling Pelion on Ossa in the matter of taxation.

ALLEN, J., concurs in dissent.