M. H. DIXON v. OCTAVIUS COKE, Trustee, and others.

*Mortgage--Construction of--Particular Expressions.*

It is a settled rule of construction that an enumeration of particulars following a general expression controls it, and limits it to the particulars enumerated; *Therefore,* where S executed a mortgage, conveying "1800 bushels of salt, his entire fishing material, with all the additions to be made to it, &c., *consisting of* seine, rope, 3 bateaux, 11 cap stands, 86 stands, and all the vats at Long Beach," and afterwards executed another mortgage conveying " all the fishing materials at Long Beach, consisting of one seine, three boats, windlasses, fish stands, *barrels*, 1600 bushels of salt and *kegs*, subject to prior liens," the 1600 bushels of salt having been purchased since the first mortgage, and kept separately from the salt mentioned therein : *Held,*

1. That the first mortgage was no lien upon the 1600 bushels of salt conveyed in the second.

2. That the words "entire fishing material " in the first mortgage did not include the barrels and kegs.

3. That the words "subject to prior liens," in the second mortgage, did not add to the scope of the previous grant and include in it anything not included by its own terms.

CONTROVERSY submitted without action under C. C. P. § 315, and heard at Spring Term, 1876, of CHOWAN Superior Court, before *Eure, J.*

Facts agreed upon : 1. Charles W. Skinner being indebted to Whedbee & Dickinson executed to the defendant Coke for their benefit a deed of trust, dated June 26th, 1875, conveying certain property as follows: " 1800 bushels of Turk's Island salt, his entire fishing material, with all the additions to be made to it for use during the spring of 1876, consisting of seine, rope, 3 bateaux, 11 capstands, 86 stands and all the vats, all of the said described material being at the fishery (of Skinner) on Albemarle Sound, known as Long Beach."

2. On the 15th of May, 1876, said Skinner being indebted to the plaintiff conveyed to him in trust to secure the same, " all the fishing material at Long Beach fishery, consisting of one seine, 3 boats, windlasses, fish stands, barrels, about 1600 bushels of salt, and kegs, subject to the prior lien, terms and conditions of two trust deeds made respectively to John A. Moore and Octavius Coke."

3. On the 15th of August, 1876, Skinner for like consideration made a trust deed to W. D. Pruden to secure indebtedness to C. W. Carson, in which he conveyed as follows : " all his barrels (about 500) all his kegs (about 275), also all the salt (about 800 bushels) bought by said Skinner during the year 1876, now at Long Beach fishery in said County."

4. That Skinner during the year 1876, bought other salt and deposited it at Long Beach fishery in the same house with that conveyed to Coke, and the line of demarcation between the two lots was plain and distinct.

Coke insisted that he was entitled under the deed to him to everything on hand, including the barrels, kegs, and the salt bought in 1876, to which Dixon and Pruden also set up a claim under their respective deeds. Thereupon His Honor adjudged that Dixon recover the barrels and kegs, and the salt purchased subsequent to the 26th of June, 1875, and on hand on the 15th of May, 1876 ; and after satisfying his claim, the residue thereof or the proceeds of sale of same shall be paid to Pruden, trustee, for the benefit of Carson. From which judgment the defendant, Coke, appealed.

*Messrs. Gilliam & Pruden,* for plaintiff.
No counsel for defendant.

Rodman, J.   1. The deed to Coke of the 26th of June, 1875, does not profess to convey any salt beyond what the grantor, Skinner, had at Long Beach at that date, which he says was 1800 bushels. The plaintiff does not claim that

After this deed to Coke the grantor bought about 1600 bushels of salt which he stored in the same warehouse with what he had conveyed to Coke, but in such a way that the two lots were distinguishable. We have no occasion therefore to consider any questions which might have arisen if the two lots had been mingled indistinguishably. On the 15th of May, 1876, Skinner conveyed to plaintiff (among other things) 1600 bushels of salt, all subject to the prior liens, &c., to Moore and Coke. On this salt Coke had no prior lien and it passed to the plaintiff. The plaintiff was clearly entitled to recover all the salt of Skinner at Long Beach, bought and carried there after the 26th of June, 1875, and being there on the 15th of May, 1876.

2. As to the fishing materials, not including the salt, Skinner by his deed to Coke of the 26th of June, 1875, conveys "his entire fishing material, with all the additions to be made *to it* for use during the spring of 1876, *consisting of,* seine, rope, 3 bateaux, 11 cap stands, 86 stands and all the vats, all the said described materials being at Long Beach."

By the deed of the 15th of May, 1876, above mentioned, Skinner conveyed to the plaintiff "all the fishing material at Long Beach fishery, consisting of one seine, three boats, windlasses, fish stands, *barrels*, about 1600 bushels of salt, and *kegs*, subject to the prior liens, &c." The plaintiff claims all the barrels and kegs which were at Long Beach at the date of the deed to him. As to the other matters conveyed, excepting the salt which has been before considered, the plaintiff makes no claim. The defendant contends, that under the general description, "entire fishing material" the barrels and kegs at Long Beach at the date of the deed to him, (June, 1875), were included and were conveyed to him. The term would certainly include the barrels and kegs, if the grantor had not defined and limited it, by saying " consisting of" things in which they are not enumerated. It is a settled rule of construction that an enumera-

tion of particulars following a general expression, controls it, and limits it to the particulars enumerated. *Expressio unius exclusio alterius.*

The phrase "consisting of" particulars, from which the barrels and kegs are omitted, leaves the meaning too clear for doubt.

3. The addition in the deed to plaintiff, of the words " subject to the prior liens, &c.," does not add to the scope of the previous grant to the defendant, or include in it any thing not included by its own terms. Certain of the articles conveyed to plaintiff had been previously conveyed to defendant, and the words " subject to prior liens, &c.," must be understood to refer only to the articles which had been before conveyed, to which the expression is adapted, and not to those which had not been before conveyed, to which it is not applicable.

4. The construction which we put on the grant to Coke, makes it unnecessary to consider what might be the effect of a grant of property not then owned by the grantor, but which he contemplated buying and did afterwards buy. The words in the grant to Coke, "with all additions to be made to it, &c.," are evidently confined to the fishing material, as defined by the grantor. They did not relate to the salt, nor to any articles which were not fishing material as defined by the grantor. There was an additional quantity of salt bought, and also of barrels and kegs, but it does not appear that there was any addition to the articles which the grantor enumerates as fishing materials. If there had been, the question would have been presented as to that.

No question is presented between the plaintiff and Pruden.

PER CURIAM. Judgment affirmed.