E. D. LATTA & BRO. v. W. P. WILLIAMS and another.

*Taxation of Drummers.*

The drummer's section of the revenue act, gives the party licensed the right to sell the commodities mentioned in any county of the state, without being liable to county or municipal tax.

(*Dixon* v. *Coke*, 77 N. C., 255; *Pullen* v. *Raleigh*, 68 N. C., 451, cited and approved.)

CIVIL ACTION, commenced before a justice of the peace and tried on appeal at January Special Term, 1882, of MECK-LENBURG Superior Court, before *Bennett, J.*

The following are the facts agreed upon: On the 15th day of September, 1878, the plaintiff procured from the treasurer of the state license under the provisions of section 24, schedule " B," of an act to raise revenue, ratified March 10th, 1877. After the license had been taken out, and while tho same was in full force, the town of Davidson College was incorporated by act of assembly, ratified the 11th day of February, 1878, the fifth section of which provides: " That the said commissioners shall have power to levy and collect a tax on all subjects of state taxation not to exceed one dollar on the poll and thirty-three and one-third cents on real estate and personal property, and to impose fines for the violation of town ordinances and collect the same," &c. The town was shortly thereafter organized by the election of the defendant, W. P. Williams, as mayor, and J. R. John-son, constable; and the commissioners of the town passed an ordinance on April 1, 1879, of which the following is a copy: " Any peddler or non-resident merchant selling goods in this corporation shall pay an annual tax cf ten dollars; provided that this ordinance shall not apply to drummers selling exclusively to merchants." After the passage of this

ordinance, and in the month of May, 1879, the plaintiff went to said town and undertook to sell clothing by sample to persons other than merchants within the limits of the town. Whereupon the defendants under and by legal proceedings seized the plaintiff's property and sold the same to satisfy the tax prescribed by the ordinance.

This action was brought by the plaintiff to recover the value of the property so converted, the same not exceeding twenty dollars.

It is agreed that if the court should be of opinion that the plaintiff is entitled to recover upon the foregoing facts, that judgment shall be entered in his favor, otherwise for the defendants. There was judgment for plaintiff, and defendants appealed.

*Messrs. Jones & Johnston,* for plaintiff.
*Messrs. Burwell & Walker,* for defendants.

ASHE, J. Section 24 of Schedule " B " of the revenue act, ratified the 10th day of March, 1877, under which the plaintiff claims exemption from the tax in question, provided : " That every person acting as a drummer in his own behalf, or as agent for any other person, who shall sell, or attempt to sell goods, wares or merchandise not of his own manufacture, or any spirituous, vinous or malt liquors with or without samples, except agricultural implements or fruit trees and seeds of all kinds intended for the improvement of agriculture, shall, before soliciting orders or making any such sale, obtain a license to sell one year from the public treasurer, by paying said treasurer an annual tax of fifty dollars, but shall not be liable to be taxed by any county because of his sales."

We think the proper construction of this section is that the legislature intended to give to every one, who should pay the state fifty dollars and take out the license provided

in the act, the right to sell any of commodities mentioned therein in any of the counties of this state, without being liable to any further taxation. It expressly declares such person shall not be liable to be taxed by any county because of his sales.

We do not think the authorities of the town of Davidson College have the power under the charter to levy a tax upon occupations, trades, &c. It was chartered by the act of 1879, the 5th section of which was in these words: " That the said commissioners shall have power to levy and collect a tax on all subjects of state taxation not to exceed one dollar on the poll, and thirty-three and one-third cents on real estate and personal property, and to impose fines," &c.

In the construction of municipal powers, it is held to be a general rule, that the powers of a municipal corporation are to be construed with strictness; and Judge COOLEY in his work on Taxation (page 387), says, this rule is peculiarly applicable to taxes on occupations. " It is presumed," he adds, " the legislature has granted in plain terms all it has intended to grant at all. If it is not manifest that there has been a purpose by the legislature to give authority for collecting a revenue by taxes on specified occupations, any exaction for that purpose will be illegal."

In the act incorporating this town, while there is a general provision that the town may collect a tax on all subjects of taxation, it proceeds to mention specifically *polls, real estate and personal property,* as subjects of taxation, and nothing is said about a tax on merchants, drummers, or any occupation. Giving to the act the strict construction laid down by Judge COOLEY, the town would not have the power to tax anything but polls, real estate and personal property.

But there is another rule of construction applicable to this charter, which must exclude the right to tax in this particular. It is that an enumeration of particulars, fol-

lowing a general expression, controls it and limits it to the particulars enumerated. *Expressio unius exclusio alterius.* *Dixon* v. *Coke*, 77 N. C., 205. This rule was recognized and enforced in the construction, by this court, of the charter of the city of Raleigh. *Pullen* v. *Raleigh*, 68 N. C., 451.

The construction we have given to the charter of the town of Davidson College is in consonance with the policy of the legislature in regard to powers of taxation by municipal corporations, as indicated in the act entitled " Towns." Bat. Rev., ch. 111, § 16. There, it declares that towns may lay a tax on real estate situate within the corporation, on such polls as are taxed by the general assembly for public purposes, on all persons (apothecaries and druggists excepted) retailing or selling liquor or wines of the measure of a quart or less, a tax not exceeding twenty-five dollars, on all such shows and exhibitors for reward as are taxed by the general assembly, on all dogs, and on swine, horses and cattle running at large within the town. There is nothing in the act to authorize the right to tax trades or occupations, and when the legislature has refrained from granting such power in a general law, it would not be reasonable to presume, in the absence of any express declaration to that effect, it intended to do so when it was granting special power of taxation.

There is no error. The judgment of the superior court must be affirmed.

No error. Affirmed.