F. S. ROYSTER GUANO CO. *et al.* v. TARBORO.

(Decided February 27, 1900.)

*Municipal Taxation—Property Tax—Privilege Tax—Several Occupations by Same Person—Town Charters—Code Provisions, Chapter 62, Relating to Towns and Cities.*

1. Tax on property and tax on privileges are distinct taxes—both may be levied by cities and towns, under sec. 3800 of The Code, upon subjects within the corporate limits which are liable to taxation for State and county purposes.

2. The exemption, by special act, from one of these taxes, does not relieve from the other.

3. Where several occupations are conducted in town by the same individual, a privilege tax on one does not prevent a similar on another.

CONTROVERSY, WITHOUT ACTION, submitted to *Allen, J.,* at November Term, 1899, of HALIFAX Superior Court, upon agreed facts.

The plaintiffs, each of them, conducted business in the town of Tarboro, and each of them was engaged in more than one line of business. The town proposed to assess a separate privilege tax on each line of business engaged in, and the plaintiffs, as taxpayers, united in application to his Honor for an order of injunction against the defendant. The town authorities claimed the right to impose a privilege tax on business, both by their charter, as well as by virtue of the general act relating to towns and cities, chap. 62 of The Code, whereby they are authorized to lay taxes for municipal purposes on all persons, property, privileges and subjects within the corporate limits, which are liable to taxation for State and county purposes, sec. 3800.

The plaintiff F. S. Royster Guano Co. claimed special exemption from the privilege tax of $25 to be imposed on this company, by reason of sec. 15, chap. 377 of Acts of 1899, which provides: "Whenever any manufacturer of fertilizers or fertilizing materials shall have paid the charges hereinbefore provided, his goods shall not be liable to any further tax, whether by city, town, or county." Having paid the charges required, it was insisted that no further tax could be imposed.

The defendant insisted that the "further tax" prohibited was a tax on *goods,* and had no relation to a tax on privilege.

His Honor refused the injunction order asked for, and plaintiffs excepted and appealed. He adjudged that the town of Tarboro be restrained from imposing the $25 privilege or license tax on the Guano Company. The defendant excepted and appealed.

*Mr. G. M. T. Fountain,* for plaintiff.
*Mr. John L. Bridgers,* for defendant.

MONTGOMERY, J.   In this case the facts were agreed upon and submitted to the Court for judgment.   The main question involved is whether or not the town of Tarboro has authority to levy taxes upon trades and professions, under its charter—chap. 195 of the Private Laws 1889—other than those mentioned in subsection 8 of sec. 28 of the charter.   The taxes complained of by the plaintiffs (who brought this action to enjoin their collection) and which were levied by the defendant town are not specifically mentioned and authorized in the charter—act of incorporation.   Certain specific taxes, including license and privilege taxes, are, however, mentioned in the charter.   The defendant insists that

sec. 33 of the town charter adds to the specific powers granted in the charter the power to levy the taxes complained of by the plaintiffs. Sec. 33 of the charter is in these words: "That secs. 3798, 3799, 3801, 3802, 3803, 3804, 3805, 3806, 3807, 3808, 3809, 3810, 3811, 3813, 3814, 3815, 3816, 3817, 3818, 3819, 3820, 3821, 3822 and 3823, of The Code, be incorporated into and made part of this charter, and that all authority not inconsistent with the provisions contained in chap. 62, 'Town and Cities,' of The Code, is hereby conferred on the Commissioners, and other officers, of the town of Tarboro."

Sec. 3800 of The Code confers upon incorporated towns and cities the power to levy taxes "for municipal purposes on all persons, property, privileges and subjects, within the corporate limits, which are liable to taxation for State and county purposes."

We are of the opinion that there is no inconsistency between the powers granted in sec. 3800 of The Code, and the specific powers of taxation mentioned in the charter, and that defendant could lawfully tax other trades and business than those specifically mentioned in the charter.

The contention of the plaintiffs was that the town of Tarboro was bound, in the levy of taxes upon its citizens, to observe the specific limitations laid down in the charter, and that sec. 3800, of The Code, could not aid the town in the levying of the taxes complained of, and the cases of *Latta v. Williams,* 87 N. C., 126, and *Winston v. Taylor,* 99 N. C., 210, were cited as authorities to that effect. In answer to that argument, however, it will only be necessary to say that the charters of those towns stood upon their own provisions, and did not have incorporated therein the power to tax conferred under sec. 3800 of The Code as is the case in the matter before us.

That part of the argument of the plaintiff's counsel which questioned the right of the town of Tarboro to levy privilege taxes, even though laid uniformly on all persons embraced in the privileged classes while others and different classes were exempted, was answered in the cases of *State v. Worth* 116 N. C., 1007, and *Rosenbaum v. Newbern,* 118 N. C., 83, and this though the same person may be engaged in different trades or professions. There was therefore no error in the ruling of his Honor in refusing the injunction of the plaintiffs.

No error.

*Defendant's Appeal in Same Case.*

MONTGOMERY, J. Sec. 15 of chap. 377 of the Acts of 1899 provides as follows: "Whenever any manufacturer of fertilizers or fertilizing materials shall have paid the charges hereinbefore (in this act) provided his goods shall not be liable to any further tax, whether by city, town or county." The plaintiff, The Royster Guano Company, has paid the taxes levied by the State, and insists that no privilege tax could be levied by defendant upon its business of manufacturing fertilizers. The privilege tax levied by the town was not a tax on the goods, but a tax on the privilege of manufacturing guano within the corporate limits of the town.

We are of the opinion, therefore, that his Honor erred in restraining the town from collecting the tax of $25 against The Royster Guano Company, manufacturer of fertilizers.

Reversed.