AUTOMOTIVE TRADE ASSOCIATION ET AL. v. SHERIFF ET AL.

(Filed 3 October, 1923.)

**Taxation—Automobiles—License Tax—Statutes—Interpretation.**

A manufacturer of both automobiles and auto trucks is required by the revenue laws of 1923 to pay a separate license tax for the manufacture and sale of each in this State, the intent of the Legislature appearing by this later act to amend the laws of 1921 in this respect, which required one tax of $500 only from such manufacturer of both, the later statute requiring the Commissioner of Revenue to collect $500 for the privilege of engaging in the business, either of selling automobiles or auto trucks, a separate tax on each, though both be manufactured by the same concern.

APPEAL by defendants from *Harding, J.,* at chambers, in Charlotte, on 19 July, 1923.

The plaintiffs, representing many of the agents, dealers and salesmen of automobiles in this State, seek by this action to obtain the construction of section 78, chapter 4 (the revenue law), Laws 1923, in regard to the license tax for dealers in automobiles and auto trucks.

From the construction placed by the court below upon the section in question, which was presented upon a case agreed, the defendants appealed.

*C. A. Cochran and John M. Robinson for plaintiffs.*
*Attorney-General and Assistant Attorney-General for defendants.*

CLARK, C. J. Practically the sole question presented to the Court on this appeal is whether section 78, chapter 4 of Revenue Act of 1923, as recast by the General Assembly of 1923, requires the State Commissioner of Revenue to collect from the manufacturer or dealer engaged in the business of selling automobiles or auto trucks in this State a license tax of $500 for the business of selling automobiles and also a

license tax of $500 for the business of selling auto trucks, when both automobile and truck are made by the same manufacturer. The court found as a fact that prior to 1 July, 1923, the State Treasurer, the official then having charge of this automobile sales tax, had collected only a single license tax of $500 when the automobile and auto truck were manufactured and sold by the same factory.

The Commissioner of Revenue and other defendants in this case contend that the amendment made to section 78 by the General Assembly of 1923, properly interpreted, not only authorized, but required, the Commissioner of Revenue to collect $500 for the privilege of engaging in the business of selling the automobile of any factory, and also $500 for engaging in selling automobile trucks in the State, though also manufactured by the same concern.

Section 78, Laws 1923, provides that every manufacturer of "each and every make or brand of automobile or auto truck engaged in the business of selling the same in this State," etc., "shall pay to the State Commissioner of Revenue the tax of $500 and obtain a license for conducting the same"; and adds, "the $500 license tax herein imposed shall be for each class or style of machine offered for sale."

The act of 1921 provided simply that "every manufacturer of automobiles engaged in the business of selling the same in this State," etc., "shall pay to the State Treasurer a tax of $500."

By a comparison of section 72 of the act of 1921 with section 78 of the act of 1923 it will be seen that the amendment consists of this: the latter act (1923) provides that the manufacturer of "each and every make or brand of automobile *or auto truck* engaged in the business of selling the same in this State," etc., "shall pay a tax of $500"; and adds, "the $500 license tax herein imposed shall be for every *"class"* or *"style"* of machine offered for sale"; whereas section 72 of the act of 1921 merely provided: "Every manufacturer of automobiles engaged in the business of selling the same in this State," etc., "shall pay a tax of $500."

The first line of section 72, Laws 1921, imposing a tax of this kind, reads: "Every manufacturer of automobiles," whereas section 78 of the act of 1923 requires the Commissioner of Revenue to collect the license tax of $500 on each make or brand of automobiles and every make or brand of automobile trucks. To construe the act of 1923 to mean no more than the act of 1921, before the amendment, would eliminate from the act of 1923 the additional words put therein—each and every make or brand "of automobile trucks." It would seem, therefore, clear that the Legislature had a definite and fixed purpose in using the additional words, and makes taxable the dealer in automobile trucks, independent of the fact whether or not he is also dealing in automobiles.

AUTOMOTIVE TRADE ASSOCIATION *v.* SHERIFF.

Under the act of 1921 the dealer in auto trucks, if he was also dealing in automobiles, paid but one tax of $500 for carrying on the business in both. Under the act of 1923, as we understand it, there is now required a separate tax on each of these businesses. The tax of $500 is placed on the "business of selling auto trucks," irrespective whether or not the same manufacturer is selling automobiles.

The records of the Department of Revenue show that under the act of 1921 there were 112 brands of passenger automobiles sold in the State, and there were 82 factories selling automobile trucks. Of these 82, there were 19 selling both passenger automobiles and auto trucks of the same name. These, under the act of 1921, paid only one tax each of $500 for the business of selling both automobiles and auto trucks.

The act of 1923, by the additional words used, have taxed these 19 manufacturers with $500 each for dealing in automobiles, and an addition of $500 each for dealing in auto trucks, though produced by the same manufacturer. By the addition of the words above cited, the State will now receive $9,500 derived by the State from requiring all manufacturers dealing in auto trucks to pay the $500, because these are not now exempted, as under the former construction put upon the act, if manufacturer dealt also in automobiles.

The General Assembly evidently did not see why, of the 82 dealers in auto trucks, 19 of them should be exempted from taxation on such business when their 67 competitors were paying a tax of $500 each on the same business of selling trucks. The statute of 1923 provides that the dealers in trucks should all pay a tax of $500 each on the business. Why should the 19 be exempted from taxation on selling trucks because they also sell automobiles?

The question was entirely one for the legislative discretion, and the use of the additional words placing a tax upon all manufacturers dealing in automobiles "or auto trucks" was clearly intended to attain some purpose, and there could be none but that of requiring all dealers in auto trucks to pay a tax upon the business of dealing in auto trucks without exempting their 19 competitors who were formerly exempted (under the construction then formerly placed on the act) from paying such tax because they also dealt in automobiles.

As we understand the amendment made by the General Assembly of 1923, the Commissioner of Revenue is required to collect $500 for the privilege of engaging in the business of selling automobiles in the State, and also $500 upon the business of selling auto trucks in the State. Each must pay $500 for selling, without any exemption.

It is interesting to note the enormous increase in the business of dealing in automobiles in North Carolina in the past three years. In 1919-20, 112,159 automobiles were licensed in this State, and 10,860

trucks; in 1920-21, 133,864 automobiles and 14,063 trucks; in 1921-22, 147,490 automobiles and 15,464 trucks; in 1922-23, 187,200 automobiles and 21,100 trucks; and over 200,000 have already been licensed for 1923-24.

On the above, under the former acts before the amendment of 1923, there was no tax levied for dealing in trucks as a separate and independent business from dealing in automobiles, though there were 67 dealers in trucks alone, 93 dealers in automobiles alone, each of which 160 paid $500 tax, and only 19 who dealt in trucks and automobiles manufactured by the same concerns. The Legislature, evidently thinking that this was an unjust discrimination in favor of the 19, as against their competitors selling automobiles or trucks alone, made the above amendment, under which all dealers in auto trucks are required to pay the same tax on that business without any exemption should they also deal in automobiles.

The statute clearly intends that only the person paying the $500 license tax is entitled to have a certified duplicate issued to his agent upon the payment of $500. The payment of this $500 for the whole State covers all automobiles, or all auto trucks, but not both, manufactured by the same factory under the same name, irrespective of the peculiar style of the automobiles or of the truck. The only difference made by the amendment is that the manufacturers of all trucks by any concern pay a license tax, and all brands or all makes of automobiles, of whatever style, from the same factory, pay the $500 license tax, without any exemption because the factory happens to be engaged in the business of selling both trucks and automobiles.

When the manufacturer fixes a price at which he sells an automobile to the dealer in this State, requiring him to pay the price, and fixes the price at which the State dealer may charge for the machine, his control over the matter ceases. The manufacturer, unless he pays the $500 license himself, has nothing to do with the selection of the agents to whom are issued certified duplicates.

Section 95 of the statute provides: "No officer required to issue license under this act shall have authority to issue a duplicate of any license unless expressly authorized to do so by this chapter, but each person, firm, or corporation shall be required to take out a separate license for each agent." According to the express terms of section 78, these agents who have duplicate licenses are authorized to sell only the car or truck of the factory in the duplicate license, and the Commissioner of Revenue is not authorized to issue duplicate license for the sale of more than one brand or make or trade name of a car—*i. e.,* it must be from the same manufacturer or factory.

Reversed.