MAVIS BOTTLING COMPANY OF GOLDSBORO, INCORPORATED, v.
R. A. DOUGHTON, COMMISSIONER.

(Filed 27 March, 1929.)

**Taxation—Liability of Persons and Property—License Taxes—Bottling Companies.**

> Under the provisions of the Revenue Act, Public Laws of 1927, ch. 80, sec. 134(a), requiring a license for "manufacturing, producing, bottling or distributing" soft drinks, and requiring a license for wholesaling by sec. 134(b), etc., providing that if the tax has been paid on any of these articles, machinery or equipment units under sec. 134(a), the tax levied on wholesaling shall not apply: *Held,* where the bottling of the beverage is done at a company's home office in this State and, at its expense of delivery and storage, sent to warehouses owned by it for distribution in other cities and towns herein, each of these distributing points is liable for the payment of the license tax, and does not come within the intent and meaning of the exempting provision.

APPEAL by plaintiff from *Harris, J.* At Chambers, 7 September, 1928. From NEW HANOVER. Affirmed.

Controversy without action upon the following facts:

1. The plaintiff is a corporation engaged in the business of bottling, selling, and distributing a soft drink known as Mavis. It has an office in Wilmington, but its principal office is in Goldsboro.

2. The defendant is the Commissioner of Revenue.

3. That at the time the plaintiff began the business of bottling and distributing the above-named soft drink at and from its plant at Goldsboro, it applied to and obtained from the defendant a license to engage in such business, and paid to the defendant the sum of $225 covering said license and privilege of engaging in the business of bottling, selling and distributing the soft drink known as "Mavis."

4. That all of the machinery and equipment owned and used by the plaintiff in its bottling business is situated at and contained in its plant at Goldsboro, and that all of its bottling business is conducted in said plant; that the syrup and ingredients used in connection with the bottling of the soft drink called "Mavis" is furnished to the plaintiff by the Mavis Bottling Company of America.

5. That after the said soft drink is bottled and crated at plaintiff's Goldsboro plant, plaintiff, with its own trucks, by its own employees, and at its own expense, transports from time to time certain quantities of said bottled goods and stores the same in rooms or warehouses owned or leased by plaintiff in certain cities and towns within the State of North Carolina, as follows, to wit: Goldsboro, Wilmington, Elizabeth City, New Bern, Durham, Wilson, Raleigh, Jacksonville, Henderson,

Washington, Whiteville, and Wallace, and from the plaintiff's storage rooms and warehouses, in the above-named cities and towns the said bottled drink is distributed by plaintiff's own employees to the retail trade, and that at no time from the beginning of the bottling operation until the product is sold to the retail trade, does the ownership and control thereof pass from the hands of plaintiff and no other person, firm or corporation has any control over or interest in the same.

6. That after the storing in plaintiff's warehouses of quantities of the bottled drink above mentioned, in the above-named cities and towns, the said product is placed in the care and custody of plaintiff's own employees and cared for at plaintiff's own expense, and by plaintiff's employees sold and disposed of to the retail trade; that the entire business of bottling, transporting, storing, handling, selling and distributing the said bottled drink is done entirely by plaintiff with its own machinery, equipment and employees at its own expense and placed in and distributed from its own storerooms and warehouses.

7. That after the plaintiff began the bottling and the distributing of "Mavis" in North Carolina, and after plaintiff had paid to the defendant the sum of $225 hereinbefore stated, in addition thereto the defendant demanded of the plaintiff and assessed against it, and required the plaintiff to pay for the privilege of distributing "Mavis" in the above-mentioned towns and cities sums aggregating $1,250.

8. That after the defendant made said additional assessments aggregating $1,250, as set out in the preceding paragraph, plaintiff paid to the defendant the said additional taxes over and above the amount which the plaintiff had paid to the defendant for the privilege of doing business in North Carolina at the time it entered into said business, and when the said additional payments of $1,250 were required from plaintiff by the defendant, the plaintiff made said payments under protest and within thirty days thereafter plaintiff demanded in writing that the defendant return and refund to the plaintiff the said additional sums aggregating $1,250 in accordance with the provisions of the statute in such case made and provided, and that the defendant has failed and refused to return and refund said amount within ninety days from date of payment, and the defendant still refuses to return to the plaintiff and refund to it the said sums aggregating $1,250.

Upon the agreed facts it was adjudged that the plaintiff recover nothing of the defendant and that the defendant recover his costs. The plaintiff excepted and appealed.

*Bryan & Campbell for plaintiff.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for defendant.*

ADAMS, J.　The plaintiff, a corporation having its principal office in the city of Goldsboro, is engaged in the business of bottling, selling, and distributing a soft drink known as "Mavis." After the drink is bottled and crated in the plant at Goldsboro, the plaintiff, at its own expense and upon its own trucks, transports quantities of the bottled product to its warehouses in other cities and there stores it until it is distributed by the plaintiff's employees to the retail trade. The plaintiff paid the defendant $225 as a license tax for the privilege of carrying on its business and $1,250 for the privilege of distributing the drink in bottles. The latter tax was paid under protest and suit was brought for its recovery. C. S., 7979. The solution of the controversy turns upon the construction of certain sections of chapter 80 of the Public Laws 1927, entitled "An Act to Raise Revenue."

Section 134(a) provides: "Every person, firm, corporation, or association manufacturing, producing, bottling and/or distributing in bottles or other closed containers, soda water, Coca-cola, Pepsi-cola, Cherocola, ginger ale, grape and other fruit juices or imitations thereof carbonated, or malted beverages and like preparations commonly known as soft drinks, shall pay a license tax for the privilege of doing business in this State under the following schedule."

The material part of section 134(b) is as follows: "Every person, firm, corporation or association distributing, selling at wholesale, or jobbing bottled beverages as enumerated in subsection (a) of this section shall pay an annual license tax for the privilege of doing business in this State as follows: . . . *Provided,* that where the tax levied under subsection (a) of this section has been paid on any of the articles, machines or equipment units enumerated therein, the tax levied under this subsection shall not apply; *Provided further,* that only one tax shall be collected from any person, firm, corporation or association distributing, selling at wholesale, or jobbing any of the articles enumerated in this subsection."

Subsection (a) requires a license tax for the privilege of manufacturing, bottling and distributing soft drinks in bottles or other closed containers. In subsection (d) it is provided that only one State tax shall be assessed and collected under the provisions of this section. Subsection (a) includes the business of "manufacturing, producing, bottling and/or distributing." Each of these may be regarded as a business separate and distinct from the others; but when all of them are carried on at one place only one State tax shall be assessed, as subsection (d) provides. Suppose the plaintiff should pay a tax for the privilege of manufacturing the beverage at Goldsboro, where it has its principal office, and should engage also in the business of distributing the bottled product by wholesale at the same place; an additional tax for distribu-

tion there could not be collected because it is prohibited by subsection (d). But section 100 provides that if the business which is taxable under Schedule B is carried on at two or more separate places, a separate license for each place of business shall be required. According to the agreed case the beverage is put into bottles at Goldsboro and carried thence to several other cities and stored in warehouses; and from these warehouses it is distributed to the retail trade. Selling to the retail trade from each of these warehouses constitutes a distribution of the manufactured product within the contemplation of subsection (b).

The second proviso in this subsection was evidently intended to make distributing, jobbing and selling at wholesale a single business for which only one tax should be collected; it was not intended, in our opinion, to provide for the payment of only one tax without regard to the number of places in which the business is conducted. As to the first proviso it may be said that so far as the record discloses the tax levied under subsection (a) has not been paid on the equipment units enumerated therein. The judgment is

Affirmed.