STATE v. B. R. EVANS.

(Filed 22 November, 1933.)

**1. Municipal Corporations H c—Ordinance held to impose tax on operator of gasoline pump and to subject him to penalty therein provided.**

Where a section of a city ordinance prescribes a tax "upon every gasoline pump or tank located upon any sidewalk," and another section of the ordinance prescribes a penalty for its violation, the tax is required of the operator or owner of such pumps, and is not merely a charge against the pumps themselves, and failure to pay the tax prescribed subjects the owner or operator of such pumps to the penalty.

**2. Criminal Law I k—**

Where the jury returns a special verdict on a statement of facts assented to by defendant, there is no reason to demand a general verdict on the same aspect of the case.

**3. Municipal Corporations K a—Revenue Act held not to prohibit city from levying tax on gasoline pumps in nature of police permit.**

The provision of the Revenue Act, Public Laws of 1931, chap. 427, sec. 153, prescribing that no county, city or town should levy a license tax on the business of selling gasoline at retail in excess of one-fourth of the State license tax does not preclude a city from levying a tax on operators of gasoline pumps located on sidewalks along certain streets between the curb and the property line when such city tax is levied in the nature of a permit in the exercise of regulatory police power.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1933, of WAKE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*William B. Oliver and W. I. Rowland for defendant.*

ADAMS, J. Disregarding ambiguities we find from the record that the defendant was prosecuted in the city court on a warrant charging him with failure to pay a license tax for the privilege of operating gasoline pumps located on a sidewalk of the city of Raleigh. The defendant excepted to the court's denial of his motion to dismiss the action.

It is first contended that the ordinance applies only to persons owning the business or following the trade, occupation, or profession therein enumerated, and that section 11, subsection 3, purports to levy the tax, not upon a person, but upon the pumps, and that the warrant therefore sets out no offense. By the terms of subsection 3 a tax of $15.00 is laid "upon every gasoline pump or tank located upon any sidewalk." and according to section 2 any person committing a breach of the ordinance shall be subject to a penalty of $50.00 or imprisonment for 30 days, or both, in the discretion of the court.

The gravamen of the offense for which the defendant was prosecuted is the operation of the pumps without a license, and the tax imposed was manifestly required of the owner or operator of the pumps and was not intended to be a charge upon the pumps themselves. The authority of the city to enact ordinances of this character is not in controversy.

The jury returned a special verdict upon a statement of facts to which the defendant assented and by which the location of the pumps was determined. There was, therefore, no reason for demanding a general verdict on this question.

We now advert to the defendant's principal contention. The Revenue Act provides that every person, firm, or corporation engaged in the business of  .  .  .  retail selling or delivering of any motor fuels or lubricants  .  .  .  shall apply for and obtain from the Commissioner of Revenue a State license for the privilege of engaging in such business in this State and shall pay for such license an annual tax of $50.00 in cities having a population of 30,000 or more, and that counties, cities, and towns may levy a license tax on each place of business located therein not in excess of one-fourth of that levied by the State. Public Laws, 1931, chap. 427, sec. 153. For the operation of a service station in the city of Raleigh the defendant paid $12.50, which is one-fourth of the State tax, and he takes the position that as against him the tax of $15.00 imposed by virtue of subsection 3 is not enforceable. His

position in this respect cannot be maintained. The tax authorized by section 153 of the Revenue Act is imposed upon a business enterprise; that which is imposed by subsection 3 is in the nature of a permit granted as a police regulation for the operation of gasoline pumps located on Fayetteville Street "between the curb-line of the street and the property line." The tax upon the business referred to is prescribed by the State; the permit is issued by the city in the exercise of its power of regulation. Municipal ordinances involving the exercise of this power in various phases have frequently been sustained. As the power is not denied the citation of authorities on this point is not necessary.

No error.