## STATE v. W. I. BRIDGERS.

(Filed 24 February, 1937.)

**Municipal Corporations § 42—Statute prohibiting municipal peddlers' tax held not to preclude municipal privilege tax upon bakeries.**

Defendant, an employee of a bakery located in another city, was indicted for engaging in the bakery business in complaining city without a license as prescribed by its ordinance. Defendant, in the course of his employment, delivered bread and bakery products daily by truck, collected for products sold, and solicited orders in complaining city. *Held:* C. S., 7880 (51) (e) (g), prohibiting a tax by municipalities upon peddlers of bakery and other products, does not preclude the levying of the privilege tax, since the prohibition of the statute applies exclusively to peddlers, while the tax levied by the ordinance is a privilege tax upon bakeries and wholesale dealers in bakery products using the streets of the city for delivery of same, and a prohibition upon the levying of a tax upon one aspect of a business does not necessarily preclude the levying of a tax upon another aspect of the business, and complaining city being given the power by its charter and by C. S., 2677, to levy the privilege tax imposed by its ordinance.

APPEAL by defendant from *Barnhill, J.,* and a jury, at August Term, 1936, of NASH. No error.

The defendant was tried before the recorder of Rocky Mount on a warrant for violating an ordinance of the city of Rocky Mount, N. C., by engaging in the business of wholesale dealer in bread and bakery produce without securing a license, as required by the city of Rocky Mount. On the trial before the recorder the defendant pleaded not guilty, but was found guilty and required to pay the license and cost of $4.50. Defendant appealed to the Superior Court and the following special verdict by the consent of the State and defendant is set forth in the record:

"The jury, duly sworn and impaneled, after hearing the evidence for both the State and defendant, find the following facts, beyond a reason-

able doubt, and return the same as a special verdict: First. The jury finds as a fact, beyond a reasonable doubt, that the city of Rocky Mount is a municipal corporation authorized and existing under a charter contained in chapter 209 of the Private Laws of 1907, and the amendments thereto. Second. That on or about 18 June, 1936, the board of aldermen of the city of Rocky Mount, enacted its annual revenue ordinance, the pertinent sections of which are as follows:

" 'An ordinance to provide for license tax upon certain trades and business operations in the city of Rocky Mount, North Carolina.

" 'Section 1. That in addition to the tax on property and polls, as otherwise provided for, and under the power and authority conferred in the charter of the city of Rocky Mount, and the Revenue Act of 1935, there shall be levied and collected annually, or oftener, where provided for, a privilege license tax on trades and business operations as set out in the following sections and schedule. Every license shall be a personal privilege and shall not be transferable to any other person, firm, or corporation, but licensee may have it transferred to another location.

" 'Section 2. Unlawful to conduct business without a license. It shall be unlawful for any person, firm, or corporation or the agent or servants thereof to engage in or carry on any business in the city of Rocky Mount for which there is required a license, without first having paid the license tax and obtained the license, under a penalty of $25.00 for each offense. For the purpose of this section the opening of a place of business, or offering to sell, followed by a single sale, or, the doing for profit of any act pertaining to the business, trade, employment, or profession for which a license is required shall be construed to be engaging in or carrying on such business; and each day that such person, firm, or corporation shall engage in or carry on such business as aforesaid, shall be construed to be a separate offense.

" 'Section 4. That in order to defray the expenses of the city there shall be levied and collected the following privilege license taxes for each year commencing 1 July, 1936, on trades, agencies, and business as hereinafter set forth: 9. (b) Bakery and/or wholesale dealer in bakery products, using the streets of the city for delivery of same— $25.00. The term "bakery products" as used herein shall be construed to include bread, rolls, cakes, pies, cookies, doughnuts, and similar products and other sweet yeast-raised goods baked by commercial bakeries, but shall not be construed to include biscuits, crackers, pretzels, or ice cream cones or products baked in private homes.'

"Third. Staudt's Bakery, Inc., is a corporation engaged in a general bakery business, baking and selling bakery products, including bread, rolls, cakes, pies, and other sweet yeast-raised products, with its bakery and place of business in the city of Raleigh, Wake County, North Carolina, and maintain no bakery or place of business in the city of Rocky

Mount, but operate a truck from its plant in Raleigh to the city of Rocky Mount daily, carrying bread and other bakery products and delivering same to grocery stores and cafes in said city. Its salesmen sell its bread, cakes, and pies and make deliveries from its trucks operating over the streets of the city of Rocky Mount and collect therefor at the time of delivery, and also solicit from its customers orders to be delivered at some later date. From time to time its customers discontinue buying bakery products from it, and also from time to time its salesmen, by solicitation in the city of Rocky Mount, obtain new accounts which are served in said city.

"Fourth. On or about 12 August, 1936, the defendant W. I. Bridgers, a resident of Wake County, was employed as the agent of and salesman of the said bakery, receiving as his compensation a salary and commission on sales made by him, and at said time was in charge of the truck of the said bakery on the streets of the city of Rocky Mount, acting as its salesman in the disposal of its bakery products and performing the usual duties of its salesmen as more fully hereinbefore set forth. At said time neither Staudt's Bakery, Inc., nor the defendant W. I. Bridgers had applied for or procured the privilege license required by subdivision 9 of section 4 of the revenue ordinance of the city of Rocky Mount, as hereinbefore set forth, and the defendant W. I. Bridgers was indicted for engaging in the said business without obtaining the license required.

"Fifth. The jury finds as a fact, beyond a reasonable doubt, that the defendant sold and delivered bakery products as defined in said ordinance from a truck in the city of Rocky Mount on 12 August, 1936, and used the streets of the city of Rocky Mount for the delivery of the same without having paid for or procured the privilege license tax demanded by the city of Rocky Mount for the purpose of selling bread or other bakery products within the city.

"Upon the foregoing findings of facts, if the court shall be of the opinion that the defendant is guilty, we, the jury, find him guilty, and if, upon the foregoing findings of facts, the court shall be of the opinion that the defendant is not guilty, we find him not guilty. Upon the coming in of the special verdict, the court directs a verdict of guilty.

M. V. BARNHILL,<br>
Judge Presiding.

"And it is thereupon ordered and adjudged by the court that said defendant pay a fine of $10.00, and the costs."

To the action of the court in directing a verdict of guilty upon the special verdict rendered by the jury, the defendant excepted, assigned error; and also to the judgment pronounced the defendant excepted, assigned error, and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*Thorp & Thorp for the city of Rocky Mount.*

*Gilbert B. Swindell and Willis Smith for defendant.*

CLARKSON, J. The defendant concedes that the city of Rocky Mount may lawfully tax any business, trade, or profession carried on or enjoy.ed within its corporate limits, which is not otherwise prohibited by the general laws of the State; but contends that C. S., 7880 (51), paragraphs e and g (Public Laws N. C., 1935, ch. 371, sec. 121 [e] and [g]), prohibits the city of Rocky Mount from collecting the tax in controversy. We cannot so hold.

In *S. v. Langston,* 88 N. C., 692 (694), the law is well settled, as follows: "The power conferred upon the municipal body is presumed to be in subordination to a public law regulating the matter for the entire State, unless a clear intent to the contrary is manifest."

C. S., 2677, is as follows: "The board of commissioners may annually levy and cause to be collected for municipal purposes a tax not exceeding fifty cents on the hundred dollars, and one dollar and fifty cents on each poll, on all persons and property within the corporation, which may be liable to taxation for State and county purposes; and may annually lay a tax on all trades, professions, and franchises carried on or enjoyed within the city, unless otherwise provided by law; and may lay a tax on all such shows and exhibitions for reward as are taxed by the General Assembly; and on all dogs, and on swine, horses, and cattle, running at large within the town."

We think that C. S., 7880 (51), paragraphs e and g (section 121 of the Revenue Acts of 1931, 1933, and 1935), relate exclusively to privilege tax upon peddlers. The question therefore narrows down to this: Does the prohibition of section 121 of the Revenue Acts of 1931, 1933, and 1935, prohibiting a peddler's tax upon dealers in bread prohibit a municipality from requiring the payment of a privilege tax by bakeries pursuant to the general authority given in its charter and by Consolidated Statutes, 2677, *supra,* to tax trades and occupations? We think not. Such a construction would prohibit the imposition of a privilege tax by a municipality upon dealers in all the other articles enumerated in this section. For instance, a municipality could not require the payment of a privilege tax on markets, since "beef, fish, mutton, and pork" are enumerated. It could not levy a tax upon slaughter houses, since "live stock" is included; it could not require the payment of a privilege tax by dairies, since "products of dairy" are included. The Court has consistently upheld in numerous cases the validity of ordinances imposing privilege taxes upon markets, slaughter houses, and dairies. The

tax complained of is a privilege tax imposed upon "bakeries and/or wholesale dealers in bakery products using the streets of the city for the delivery of same." It is not a peddlers' tax and it is to the imposition of a peddlers' tax alone that section 121 of the Revenue Act is applicable.

We call attention to three very important words appearing in subdivision g, section 121, as follows: "No county, city, or town shall levy any license tax *under this section* upon a person so exempted in this section, nor upon drummers selling by wholesale." It seems clear, therefore, that the prohibition relates to license taxes levied *"under this section."* The tax complained of is not levied *"under this section."* The tax is levied under the general authority given the city of Rocky Mount in its charter, chapter 209 of the Public Laws of 1907, as amended, and C. S., 2677, authorizing the levying of a tax upon trades and businesses carried on within its corporate limits. A business may have several aspects for tax purposes. *Auto Trade Association v. Sheriff,* 186 N. C., 159; *Bottling Co. v. Doughton,* 196 N. C., 791.

When a business is subject to two or more privilege taxes, the prohibitions relating to one tax do not necessarily prohibit or affect the other tax. *Guano Co. v. Tarboro,* 126 N. C., 68; *Guano Co. v. New Bern,* 158 N. C., 354; *Express Co. v. Charlotte,* 186 N. C., 668; *S. v. Evans,* 205 N. C., 434.

We think that *Hilton v. Harris,* 207 N. C., 465, decisive of this case. It is there held (headnote): "The charter of a city giving it certain powers in respect to the levying of franchise taxes on trades and professions, etc., and C. S., 2677, will be construed together in determining the legislative grant of power to the municipality to levy taxes of this class, and construing the charter of the city of Concord *in pari materia* with C. S., 2677, it is held the city is given authority by the Legislature to levy a tax upon bakeries operating or delivering in the city, the Legislature being given the power to levy such taxes by Art. V, sec. 3, of the Constitution, and having the power to delegate this authority to counties, cities, and towns as administrative agencies of the State." At p. 473, it is said: "If the plaintiffs were not required to pay this tax for the trade or business it carries on in Concord, a situation would arise that those living in Concord and carrying on this kind of trade or business, who paid the tax—it would injure their business, as they would have to pay a tax of $100.00 and the plaintiffs would not; consequently, the plaintiffs would undersell the Concord bakers. Such favoritism would tend to monopolize and, in time, destroy competition, which is sometimes called 'the life of trade.'"

For the reasons given, there is no error in the judgment of the court below.

No error.