C. D. KENNY COMPANY, A CORPORATION; MORGAN BROS., INC.; PEARCE-YOUNG-ANGEL COMPANY, A CORPORATION: C. R. DEUEL, TRADING AS DEUEL NEWS COMPANY; A. C. KELLY, TRADING AS KELLY FRUIT COMPANY; J. D. EARLE, TRADING AS EARLE-CHESTERFIELD MILL COMPANY; CLARK-FOWLER CIGAR COMPANY, A CORPORATION, AND STATESVILLE FLOUR MILLS COMPANY, A CORPORATION, PLAINTIFFS, APPELLEES, v. TOWN OF BREVARD, A MUNICIPAL CORPORATION, DEFENDANT, APPELLANT.

(Filed 20 March, 1940.)

1. Municipal Corporations § 42: Taxation § 2a—

A municipal corporation is empowered to tax trades or professions carried on or enjoyed within the city, unless otherwise provided by law, Constitution of North Carolina, Article V, sec. 3; C. S., 2677, but its classification of trades and professions for taxation must be based upon reasonable distinctions and all persons similarly situated must be treated alike.

**2. Municipal Corporations § 42—**

The powers of a municipality relating to taxation are strictly construed.

**3. Same—**

Municipalities are prohibited by section 61, chapter 407, Public Laws of 1937, from levying a license or privilege tax for use of its streets by motor trucks.

**4. Same—**

A municipality may not levy a tax on a business or trade which is not carried on within its limits.

**5. Same—Municipal license tax held void as being discriminatory and as imposing tax on business not carried on within its limits.**

Plaintiffs, wholesale merchants, sent salesmen into defendant municipality to solicit orders for future delivery of merchandise for approval or acceptance by plaintiffs, respectively, and upon acceptance the plaintiff to whom the order was directed delivered the goods by his truck. There was no solicitation or acceptance of orders from the trucks and no collections were made therefrom, except in case of C.O.D. deliveries. Plaintiffs instituted this action to restrain the municipality from enforcing as to them its ordinance imposing a privilege tax upon "wholesale dealers or merchants not otherwise taxed, using streets for delivery, per truck, $15.00." *Held:* The ordinance is void as to plaintiffs on the ground of discrimination, since it levies a tax on merchants using the streets for delivery by truck while exempting merchants using other means of transportation or delivery than by truck or other means of ingress than its streets, and on the ground that it imposes a tax on trades and businesses not carried on within defendant city, since under the facts agreed plaintiffs were not doing business in defendant city. *Hilton v. Harris*, 207 N. C., 465, and *S. v. Bridgers*, 211 N. C., 235, cited and distinguished in that the taxes upheld in those cases were imposed by municipalities on businesses carried on within the limits of the municipality levying the tax.

**6. Municipal Corporations § 40—**

The municipal ordinance imposing a license tax on plaintiffs being invalid, the enforcement of the ordinance was properly restrained at their suit.

APPEAL by defendant from *Warlick, J.,* at December Term, 1939, of TRANSYLVANIA. Affirmed.

Plaintiffs instituted action against the town of Brevard to restrain the enforcement as to them of an ordinance imposing a privilege tax upon "wholesale dealers or merchants, not otherwise taxed, using streets for delivery, per truck, $15.00," on the ground of invalidity of the ordinance. The case was heard upon agreed statement of facts, the pertinent portions of which are as follows: The plaintiffs are wholesale merchants in Buncombe County, North Carolina, each with a regular place of business in that county and maintaining no place of business in Brevard.

"From time to time, usually about once a week, and at no times more than twice a week a traveling salesman of each of said plaintiffs visits

the town of Brevard in an automobile, in some instances the automobile being owned by the plaintiff, and in some instances being owned by the traveling salesman, at which time the said traveling salesman solicits and receives orders for merchandise from a merchant or merchants in Brevard, subject to the approval and acceptance of said order at its place of business at Asheville, North Carolina, by the plaintiff to whom the order is directed; that all of said orders are for future delivery. If and when such an order is so accepted, the goods so ordered are delivered to the customer in Brevard in a truck operated by the plaintiff whose goods are ordered. Such truck is operated by a truck driver employed by said plaintiff. No one in, or connected with said truck, either solicits or takes orders for merchandise, nor makes any collection except in case of C.O.D. shipment. The only goods which are carried in said truck are goods for which orders have been previously received and accepted by the plaintiffs at their place of business in Asheville. No goods are carried for sale by said truck, nor any sale made from said truck. All of the accounts, except C.O.D. accounts, are handled as follows:

"Generally purchasers mail checks to the plaintiff to whom the debt is owing at its place of business at Asheville, but occasionally purchasers make payments to the traveling salesman of said plaintiff upon some subsequent visit of said traveling salesman to Brevard. Various merchants in the town of Brevard also go to Asheville and purchase wholesale merchandise from each of the plaintiffs at their place of business in Asheville and the said purchasers carry said merchandise back to Brevard."

The town of Brevard was chartered by ch. 113, Private Laws 1903. The ordinance imposing privilege tax levy was adopted, effective 1 July, 1939.

The court below held the ordinance imposing the privilege tax quoted was invalid, and enjoined its enforcement. Defendant appealed.

*Williams & Cocke for plaintiffs.*
*Ralph H. Ramsey, Jr., for defendant.*

DEVIN, J. The power of the General Assembly to tax trades, professions and franchises (Const., Art. V, sec. 3) was by ch. 62 of the Code, sec. 3800 (now C. S., 2677), delegated to municipal corporations, and they were empowered to "lay a tax on all trades, professions and franchises carried on or enjoyed within the city, unless otherwise provided by law." *S. v. Worth,* 116 N. C., 1007, 21 S. E., 204; *Rosenbaum v. New Bern,* 118 N. C., 83, 24 S. E., 1; *Guano Co. v. Tarboro,* 126 N. C., 68, 35 S. E., 231; *Cotton Mills v. Waxhaw,* 130 N. C., 293, 41 S. E., 488; *Drug Co. v. Lenoir,* 160 N. C., 571, 76 S. E., 480; *S. v. Bridgers,* 211 N. C., 235, 189 S. E., 869.

The power of the town by proper ordinance to levy a tax on wholesale dealers or merchants doing business in the town is not controverted, but it is contended by plaintiffs that the tax ordinance herein attacked is so qualified as to destroy its uniformity, and that it attempts to impose a privilege tax on merchants in another county on business transactions beyond the limits of the town and in excess of its powers, and that the ordinance by its terms attempts to impose a tax on the plaintiffs for the use of the streets of the town.

It may be regarded as an established principle that in the exercise of taxing powers by a municipal corporation the requirement of uniformity must be observed, and that the classification of different subjects of taxation shall have some rational basis for the distinction, and that all persons similarly circumstanced shall be treated alike. *Roach v. Durham,* 204 N. C., 587, 169 S. E., 140; *Provision Co. v. Maxwell,* 199 N. C., 661, 155 S. E., 557; *Tea Co. v. Doughton,* 196 N. C., 145, 144 S. E., 701; *Greene v. R. R.,* 244 U. S., 501, 99 A. L. R., 711.

To lay a tax on merchants using streets for delivery by truck would exempt from tax obligation all merchants who use other means of transportation and delivery than by trucks, or other means of ingress than over streets. In *Bellingrath v. Town of Georgiana,* 23 Ala. App., 111, where an ordinance, which undertook to levy a license tax upon the business of persons making wholesale deliveries by trucks for soft drink manufacturers and bottlers, was held void as making an unwarranted discrimination, the Court said: "Construing the ordinance strictly against the town, as we must do, if the deliveries are made by train, wagon, buggy, touring car, or otherwise, or for other persons than manufacturers or bottlers, the ordinance does not apply and no license is required. License taxes must bear equally and uniformly upon all persons engaged in the same class of business or occupation or exercising the same privileges." The powers of municipalities relating to taxation are strictly construed. *Latta v. Williams,* 87 N. C., 126; *Plymouth v. Cooper,* 135 N. C., 1, 47 S. E., 120.

The ordinance of the town of Brevard purporting to lay a tax on wholesale merchants using streets for delivery by truck cannot be upheld as a license or privilege tax for the use of the streets by motor trucks, as that is prohibited by section 61, ch. 407, Public Laws 1937. The language imports something more than a mere description of the person or business taxed. It confines the classification to merchants using streets for delivery by truck. That classification is too narrowly restrictive without apparent showing of reasonable basis therefor. It does not appear from the record that there are any wholesale merchants in Brevard, a town which by the census of 1930 had a population of 2,339. But even if there are, the powers given the town by statute and by its

charter do not authorize a tax on a business or trade not carried on within the limits of the town. The facts here agreed exclude the conclusion that the plaintiffs were doing business in Brevard under the rule stated in *Plott v. Michael,* 214 N. C., 665, 200 S. E., 429. Brevard has no extra territorial power to tax the trade or commerce of merchants in Asheville. *S. v. Ninestein,* 132 N. C., 1039, 43 S. E., 936; *Duffin v. Taylor,* 113 Fla., 621, 153 So., 298; *Fruit Co. v. Dalton,* 184 Ga., 277, 191 S. E., 130; *Oil Co. v. Pitts,* 178 Ga., 339, 173 S. E., 384.

Defendant relies on the decisions of this Court in *Hilton v. Harris,* 207 N. C., 465, 177 S. E., 411, and *S. v. Bridgers,* 211 N. C., 235, 189 S. E., 869, as authority for the imposition of this tax on the plaintiffs. But the holding in those cases must be understood in the light of the facts upon which those decisions were based. In the *Hilton case, supra,* the ruling was based on the finding that the plaintiff in that case, a Charlotte baker, was doing business in Concord. The Court said : "We think plaintiff's trade (bakery) is carried on or enjoyed within the city of Concord." And again, "The factual situation is that clearly plaintiffs are plying their trade and doing business by delivering and soliciting the sale of bread in the city of Concord." In *S. v. Bridgers, supra,* where the facts were almost identical with those in the *Hilton case, supra,* the decision was based on that case. It was established in the *Bridgers case, supra,* that the method of business of the Raleigh bakery in the city of Rocky Mount was to operate a truck from its plant in Raleigh to the city of Rocky Mount daily, carrying bakery products and delivering same to grocery stores and cafes in Rocky Mount. Its salesmen sold and made deliveries from its trucks operating over the streets of the city of Rocky Mount, and collected therefor at the time of delivery, and also solicited from customers orders to be delivered at some later date.

The facts here materially differ from those in the cases cited by defendant, and hence those cases may not be held as controlling the decision in this case. The erection of trade barriers between cities and towns by the power of taxation may not be extended beyond constitutional and statutory limits.

We conclude that the tax ordinance imposing a tax on "wholesale dealers or merchants not otherwise taxed, using streets for delivery, per truck, $15.00," must be held invalid and that the plaintiffs may not be required to pay this tax. The enforcement of the ordinance, at the suit of the plaintiffs, was properly restrained.

Judgment affirmed.